SEXTON, Judge.
This suit concerns the sale of an antique armoire. The defendant, L’Atelier Wholesale Antiques, Ltd., appeals from a judgment awarding the plaintiff the return of the purchase price of the armoire, $4,542.00, plus interest and costs. For the reasons expressed herein, we reverse.
In 1984, a partnership composed of Dr. John P. Valiulis, the plaintiff, and two other plastic surgeons purchased a building in Shreveport, Louisiana which was to contain their new offices. The partnership undertook extensive remodeling of the building. After the renovation had begun, the plaintiff began looking for furniture for his new office. In the fall of 1984, he visited the defendant, a corporate establishment that sells, restores and refinishes antiques, and contacted Francois Charles Degueurce, the president and manager. The plaintiff was familiar with Mr. Degueurce’s work since Degueurce had previously refinished an antique piano for the plaintiff and his wife. Also, the plaintiff had seen some antique furniture that Degueurce had restored at a local medical clinic.
At the defendant establishment, the plaintiff expressed an interest in a very large, 100-year-old French armoire. Although the exterior of the armoire was beautifully finished, the interior was unfinished, raw lumber. Because the armoire was very large, approximately eight and one-half feet tall by five feet wide, the plaintiff was concerned that it would not fit in his office. Before the plaintiff purchased the armoire, Degueurce went to the plaintiff’s office and measured the height and width of the walls and determined that the armoire would fit. It appears that the plaintiff was present when Degueurce measured the office. According to the plaintiff, Degueurce also assured him that the armoire would aesthetically fit in the office. Degueurce denies that he made this assurance or that the plaintiff asked his opinion on the aesthetic fit of the armoire.
Degueurce and the plaintiff also discussed installing a personal desk in the armoire. Degueurce explained to the plaintiff that he was installing a desk in another armoire that he was restoring for an interi- or decorator. To accomplish the restoration, Degueurce had disassembled this ar-moire. He was therefore able to show the *314 plaintiff only parts of the armoire. Believing that the desk was a good idea, the plaintiff asked if Degueurce could install a desk in the 100-year-old armoire and if he could refinish the interior of the armoire. Degueurce agreed to do so.
The plaintiff and Degueurce agreed on a sales price of $3,600.00 for the armoire itself and a price of $690.15 for the restoration work. Including taxes, the total price amounted to $4,542.15 which the plaintiff paid by check in two separate installments in November 1984 and January 1985. During the construction process, the plaintiff and Degueurce had several meetings in which they discussed the restoration of the armoire. When the plaintiffs office was completed in August of 1985, the armoire was delivered.
Upon examination, the plaintiff was not satisfied with the armoire. Although it physically fit in the office, the armoire was too large in relation to the other furnishings. His desk, which was in front of the armoire, had to be moved further toward the middle of the room because of the depth of the armoire.
In addition to being dissatisfied with the size of the armoire, the plaintiff also expressed dissatisfaction with the workmanship in the interior of the piece. According to Degueurce’s testimony, the plaintiff told Degueurce that he was not satisfied with the armoire some two weeks after the delivery. The testimony of the two parties with respect to the details of the restoration of the interior is in significant conflict. Further, the plaintiff claimed that De-gueurce did not offer to remedy any of the “defects,” whereas Degueurce testified that he did offer to make any changes that he could to make the armoire satisfactory to the plaintiff, an offer that was declined by the plaintiff.
As a result of this dispute, Degueurce removed the armoire from the plaintiffs office. The testimony is also in conflict as to the terms upon which Degueurce removed the armoire. The plaintiff testified that he told Degueurce that the armoire was too large and that the workmanship was poor. He claimed that Degueurce agreed that the armoire was too large and agreed to take it back. The plaintiff admitted that he did not tell Degueurce that he wanted his money back at the time that Degueurce picked up the armoire.
Degueurce asserted that he and the plaintiff agreed that he would take the armoire back on a consignment basis and that the plaintiff had agreed to this arrangement. In addition, in a letter dated November 15, 1985 from Degueurce to the plaintiff and his wife, Degueurce offered the plaintiff the alternative of full credit at his shop. The plaintiff refused these alternatives and insisted on the return of his money. When the defendant declined to return the money, the plaintiff brought this suit.
The trial court rescinded the sale and ordered the defendant to return the price of $4,542.00 plus interest and costs to the plaintiff. In written reasons for judgment, the trial court stated that the principal cause of the contract was the acquisition of an armoire of a particular quality — an ar-moire that would physically and aesthetically fit in the plaintiffs office. Because the armoire did not aesthetically fit in the plaintiffs office, the court found an error as to the cause of the contract and ordered the rescission of the sale on this basis. The trial court did not reach the issue of the quality of the workmanship. On appeal, defendant asserts the trial court erred in this finding.
The parties do not dispute that they entered into a contract of sale. LSA-C.C. Art. 2439 lists the three elements of a contract of sale: the thing sold, the price, and the consent. All three elements of a sales contract are present in this case. The parties agreed on the armoire that was to be sold and on the price of $4,542.15.
As stated by the defendant in its brief, the former civil code articles on obligations apply in the present case because this contract was entered into in November of 1984, prior to the effective date of the revision of the civil code articles on obli *315 gations.[1] Under the former articles, an error as to the principal cause of the contract will invalidate the contract but only if the other party was apprised that it was the principal cause or if from the nature of the transaction it must be presumed that he knew it. Former LSA-C.C. Arts. 1823, 1825 and 1826; Hello World Broadcasting Corporation v. International Broadcasting Corporation, 186 La. 589, 173 So. 115 (1937); Security National Bank of Shreveport v. Terrell, 459 So.2d 131 (La. App. 2d Cir.1984). The principal cause of the contract is the motive or the “consideration without which the contract would not have been made.” Former LSA-C.C. Art. 1825.
In his brief, the plaintiff contends that he told Degueurce that the armoire had to physically and aesthetically fit in his office and that Degueurce assured him that it would. The record does not support this assertion. The plaintiff refers to several pages in the transcript of the trial court proceedings where he supposedly testified that Degueurce was aware that the ar-moire had to aesthetically fit in the office. In none of this testimony is there any indication that the plaintiff told Degueurce that he wanted Degueurce’s opinion about the aesthetic fit of the armoire. Both the plaintiff and Degueurce repeatedly testified that Degueurce measured the height and width of the walls, which indicates that the plaintiff’s only concern was whether there was a wall high enough and wide enough to accommodate the armoire. The plaintiff did testify that he was concerned that the armoire not be so large that there would be inadequate space to accommodate the other furniture comfortably. However, this testimony is the only support for plaintiff’s contention.
Degueurce testified that the plaintiff asked him only if the armoire would fit in his office. Degueurce assured him that it would. Moreover, the plaintiff admitted that the armoire did physically fit in his office. When Degueurce measured the office, it was under construction; there was no furniture in it. The plaintiff never asked Degueurce to view the other furniture planned for his office. In addition, the plaintiff had the services of two separate interior decorators during the construction of his office, yet he never sought the advice of either decorator on the aesthetic quality of the armoire in the office — supposedly a vital concern.
Thus, we determine that the testimony, when contrasted with the circumstances surrounding the transaction, does not support the trial court’s determination that a principal cause of this contract has failed. The circumstances simply do not fit the codal prerequisites for error as to cause previously noted herein. It is our view that size was a cause only in the sense that the parties understood that the armoire must physically fit in the office, rather than there being a guarantee that it was aesthetically appropriate for the office. In other words, our view of the record is that the plaintiff determined to purchase the item and was only concerned that it physically fit into his office, which it did.
Additionally, the trial court’s reliance on Dieball v. Bill Hanna Ford Company, 287 So.2d 595 (La.App. 2d Cir.1973), is misplaced. It is clear from the appellate opinion that the purchaser in that case made it known to the defendant seller that he desired to purchase a certain type of truck in order to carry a certain size camper. Upon delivery, it became obvious that the truck was incapable of sustaining the load plaintiff required. In affirming for the plaintiff, the opinion clearly notes plaintiff’s lack of expertise except that he knew he required a vehicle of a certain series. He was not aware that he needed special weight bearing options. The salesman was aware of the specific use plaintiff intended for the truck but was of the view that the capacity ordered without the special weight bearing options was sufficient. Thus, the truck could not be used at all for the purpose intended.
*316 In contrast, in the instant case, the ar-moire was not entirely unsuitable. It fit within the premises. However, once put there, it did not, in plaintiff’s view, complement his office and other furnishings. We determine that these circumstances do not support the trial court determination that aesthetic fit was a principal cause of the sales contract here. Therefore, the determination by the trial court that a sale did not occur for this reason is clearly wrong.
Plaintiff is likewise unable to avoid the sale by his other contention that this was a sale based on the suspensive condition of the right of view and trial. Indeed, Louisiana recognizes such a sale. LSA-C.C. Art. 2460.[2] The factual circumstances previously recited contradict this contention — in particular, the advance payment, the failure of either of the plaintiff’s decorators to view the armoire, and the manner of the initial return of the armoire.
It is in support of this contention that plaintiff argues the defects in construction.[3] It thus appears that plaintiff is not asserting a plea in redhibition or that a workman has failed to properly complete a construction contract.[4]
The right of view and trial does not occur as a result of actions of the seller (in this case) subsequent to the contract of sale or by his failure to appropriately construct the product. As LSA-C.C. Art. 2460 clearly points out, the right is an agreed upon quality or condition of the contract at the time of the confection thereof. It does not arise as a result of a defect or condition subsequent to the making of the contract.
For the reasons aforesaid, the judgment of the trial court is reversed and judgment is hereby rendered in favor of the defendant, L’Atelier Wholesale Antiques, Ltd., and against the plaintiff, Dr. John P. Vali-ulis, rejecting the demands of the plaintiff at his cost.
REVERSED.

. However, the new articles effect no change in the law. Comments, LSA-C.C. Arts. 1949 and 1950.

. LSA-C.C. Art. 2460 reads as follows:
Art. 2460. Sale with reservation of view and trial
Art. 2460. Things, of which the buyer reserves to himself the view and trial, although the price be agreed on, are not sold, until the buyer is satisfied with the trial, which is a kind of suspensive condition of the sale.

. The plaintiff testified that Degueurce told him that the wood on the interior could be refinished to look like the wood on the exterior. Degueurce, on the other hand, testified that the plaintiff only wanted the interior to look "pretty and impressive" and that he would rely on De-gueurce to achieve this effect.
The plaintiff asserts that Degueurce agreed to install a light in the armoire although he actually testified that, after viewing the interior decorator’s armoire, “it was [his] presumption that [he] was going to have lighting in this one too.” However, after the armoire was delivered and the plaintiff had expressed his dissatisfaction in this regard, Degueurce offered to have the lighting installed.
Especially damaging to plaintiffs contention regarding the workmanship is his testimony when shown photographs of the armoire taken by Degueurce the day before the trial. De-gueurce testified that he had not done any other restoration work on the armoire since he had retrieved it from the plaintiffs office and thus the photographs represented the armoire as it appeared on the day it was delivered to the plaintiff. When the plaintiff was shown the photographs, he testified that when the armoire was delivered, the interior did not look as it did in the photographs. He went on to testify that if the armoire had looked as it did in the photographs, he did not think that he would have asked Degueurce to take it back.

.The plaintiff has not argued redhibition. Even if he had done so, it appears that a reduction in the purchase price is the appropriate remedy since the alleged defects do not render the armoire absolutely useless. LSA-C.C. Arts. 2520, 2541, et seq.; Ark-La-Tex Builders & Realty, Inc. v. Hoge, 344 So.2d 90 (La.App. 2d Cir. 1977). In addition, if his complaint had been the failure of the defendant to perform the work on the armoire in a workmanlike manner under LSA-C.C. Art. 2769, the appropriate remedy is a reduction in the purchase price in the amount necessary to correct the defective work. LSA-C. C. Art. 2769; Jackson v. Spurlock, 424 So.2d 1088 (La.App. 1st Cir.1982). Plaintiff has presented no proof with respect to the cost to place the armoire in the state in which he contends he ordered it. His contention is simply that the defective workmanship is part and parcel of the proof regarding his contention that this was a contract of view and trial.