DUFRESNE, Judge.
Mardel and William Hogan, the plaintiffs in this action, appeal a judgment dismissing their petition for declaratory judgment in which they sought to annul or limit a contractual servitude. The issues are the admissibility of parole evidence to vary the terms of the documents and the extent of the servitude. We affirm.
The Hogans and the defendants, Toni and Wayne Lobell, purchased lots from a common developer. The documents creating the subdivision granted a servitude in favor of lot 3 which would permit its owners access to the highway along the side of lot 2. Thus, both lots would share, in effect, a common driveway. This servitude is mentioned in the Act of Restrictions, the Act of Drainage and Access Servitude, and the Acts of Sale of the individual lots, all duly recorded in the parish records. Mr. and Mrs. Lobell purchased lot 3 and presented their plans for approval to the developer. Those initial plans showed a garage and a single, straight driveway, but the Lobells did not construct the garage at that timé. Over two years later, the Hogans purchased lot 2, after seeing the Lobells’ plans and the use they planned to make of the servitude. Ultimately, the Lobells con *241 structed a circular driveway in front of their house which entailed two entrances from the servitude.
The Hogans sued the Lobells, asking either that the court nullify the servitude or that it delineate the extent of the servitude. The Lobells joined the developer but have subsequently dismissed him from the suit. The Hogans made several claims in the suit: (1) that the servitude was invalid under the terms of La.C.C. art. 646 because both the servient and dominant estates were owned by the same person, the developer, at the time they were established; (2) that the Lobells’ intention to make full use of the servitude would cause them damage, inconvenience, and increased liability and would reduce their property’s value by causing damage to shrubs and trees; (3) that the documents evidencing the servitude contained vices of error and consent; (4) that the documents were ambiguous and needed parole evidence for interpretation; and (5) that the Lobells’ construction violated the restrictions. The Hogans’ motion in limine to permit parole evidence was disposed of in favor of the Lobells.
The judge ruled in the Lobells’ favor following trial.
The Court has found these documents to be clear and unambiguous_ Accordingly, the plaintiffs’ attempts to introduce parol evidence as to Mr. Bulli-ard’s [the developer’s] intent in executing the 1978 Acts were denied....
Although the defendants purchased lot # 3 in 1980, it was not until early 1982 that preparations for the construction of their home began in earnest. At the time, in about February 1982, plaintiffs signed an Agreement to Purchase lot #2. In an effort to comply with the building restrictions affecting the subdivision, defendants submitted to Mr. Bulli-ard the diagram admitted into evi-dence_ But while defendants’ original plans included a garage and a short, straight driveway leading into the “tail” of lot # 2, they soon realized that financial considerations would prevent construction of a garage at that time.
In the meantime, however, Mr. Hogan, a building contractor familiar with servi-tudes, restrictions, etc., had expressed concerns to Mr. Bulliard about the driveway access servitude burdening the property he meant to purchase. In response, Mr. Bulliard showed plaintiffs the exhibit P-1 diagram [the Lobells’ original diagram] ... and Mr. Hogan discussed the plans with Mr. Lobell. While no one could offer many specifics about the plaintiff/defendant discussions, the testimony made clear that (a) Mr. Hogan knew before his Act of Sale that the defendants had postponed construction of a garage; (b) Mr. Lobell never agreed, either orally or in writing, to anything less than “the full use” of the driveway access servitude, as set forth in ... the Act of Restrictions; and (c) although plaintiffs’ Agreement to Purchase lot # 2 allegedly would have permitted them to cancel the deal if the servitude issue were not resolved, the Hogans relied upon the exhibit P-1 diagram and proceeded with the Act of Sale.
When defendants’ home construction was completed in late 1982 or early 1983, a circular driveway covered with gravel was laid out, such that they would have ingress/egress at two points of the lot # 2 “TAIL” rather than the one “intersection” plaintiffs had expected. Mr. Hogan promptly notified defendants of his objection to this arrangement, and has, according to the evidence, continuously claimed that defendants are entitled only to a single entrance on his property, if any....
In 1985, defendants were finally ready to construct a garage. Because the planned addition did not meet Jefferson Parish setback requirements, however, a variance had to be sought from the Zoning Appeals Board. In connection with this process, plaintiffs ... were shown to have received a copy of the Lobells’ plot plan form ... as well as the Board’s notification of the ... hearing date. Mr. Hogan testified that he did not attend the hearing nor oppose the variance because he had no objection to what he saw. Furthermore, although the Zoning *242 Appeals Board plan indicated the garage would be thirteen feet high, and as actually built it is about twenty-nine feet ... plaintiffs trial testimony was unequivocal: he has no objection to the height of the garage. However, the amending petition filed August 26, 1991, asserts that the defendants’ garage, apparently constructed in 1985, violates another three of the subdivisions’ building restrictions. Despite these unresolved problems with the defendants, plaintiffs began construction on lot # 2, and moved into their residence in December 1986.
After articulating the facts, the trial judge discussed the applicable law. To the Hogans’ argument that a single owner was incapable of creating a servitude under the provisions of La.C.C. art. 646, he concluded that a valid building restriction was created. To the Hogans’ claim that slight differences in the descriptions of the servitude created between one act and the other made the documents ambiguous, he found no ambiguity whether the acts were read separately or together.
There is therefore no need to refer to the interpretive principles of C.C. art. 705, 730, 749, 750 and/or 783 to determine the parties’ rights, as plaintiff argues, nor is there any need to hear from Mr. Bulliard as to what he envisioned in 1978. To do so now simply because he is still available to testify would undermine the purpose of the public records doctrine as it applies to immovables. Since a 30-by-100 foot servitude was created and recorded, and since no written amendment or limitation exists, these dimensions must bind the parties to this suit.
The public records doctrine also prevents this Court from limiting defendants’ use of the servitude based upon any alleged oral modification, either by Mr. Bulliard or Mr. Lobell. Plaintiff was clearly aware of the burden upon this property before he purchased it, and is charged with knowledge of the plain meaning of the language used.... Nor has plaintiff established that the servitude has “become more burdensome” such that it should be relocated under C.C. art. 748 ... while he cannot erect his security gate closer than 100 feet from the highway, he is not prevented from making this improvement on his property. In any case, he has failed to suggest “another equally convenient location” on his property by which defendant could access the highway.
[T]he Court thus finds that the owners of lot #3, i.e., the defendants and their heirs, successors and assigns, are entitled to the “full use” of that portion of lot # 2 which abuts Jefferson Highway. ... This right of use, however, is limited solely to that of passage, and is further required to comply with the general purpose of the building restrictions affecting this subdivision....
The judge further ruled that any complaints about the Lobells’ garage were moot under La.C.C. art. 781, which required any action to be brought within two years from the violation.
Finally, the Court finds that plaintiffs have failed to prove any consistent and/or deliberate misuse of the driveway access servitude by defendants’ use, or toleration of others’ use, of all-terrain vehicles in this area. However, in keeping with the plaintiffs’ prayer for relief, it is reiterated that the defendants may use the servitude area only for ingress and egress, and not for recreational purposes.
PAROL EVIDENCE
The Hogans alleged and argue on appeal that the differences in language between the various acts made the servitude ambiguous.

Paragraphs 12 & 22 of the Act of Restrictions

Lots 2 and 3 shall have a common driveway, with the owner of Lot 3 having full use of the 30' strip of land which is that part of Lot 2 fronting Jefferson Highway for a distance not to exceed 100' feet from Jefferson Highway.
All subsequent owners of the above described property hereby take cognizance of the existing drainage and access *243 servitudes filed with the Clerk of Court, Parish of Jefferson, State of Louisiana.

Paragraph 3 of the Act of Drainage and Access Servitude

That Lot 3 is hereby granted a driveway access servitude over Lot 2, which extends 100 feet in length by a 30 foot width, and which has been created for the purpose of granting to Lot 3 the access driveway servitude and entrance from Jefferson Highway.

Act of Sale to the Hogans

THIS ACT IS MADE AND ACCEPTED SUBJECT TO THE FOLLOWING:
a) Drainage and access servitude effecting [sic] Lot 2 as found in Act before Richard M. Michalczyk, Notary Public, dated December 27, 1978, registered in COB 946, folio 724.
b) The registered Act of Restrictions effecting [sic] River Oaks Estates as found in an Act before Richard M. Mi-chalczyk, Notary Public, dated December 27, 1978, registered in COB 946, folio 722.

Act of Sale to the Lobells

Without intention to interrupt or revive prescription thereon or recognize the validity thereof, the parties hereto take cognizance of the following: a) Restrictions in act before Richard M. Mi-chalczyk, N.P., dated December 27, 1978, reg. in COB 946, folio 722, Parish of Jefferson, b) Servitude of drainage and access as set forth in act before Richard M. Michalczyk, N.P. dated December 27, 1978, reg. in COB 946, folio 724, Parish of Jefferson.
We see not the slightest ambiguity in either the location or the extent of the servitude in question: full use of a servitude thirty feet by one hundred feet. The acts speak for themselves and do not require explanation by parol evidence. Furthermore, even considering the proffered testimony of the developer, there is no doubt as to the location or extent of the servitude.
EXTENT OF THE SERVITUDE
The Hogans argue, alternatively, that the servitude should be limited to only one driveway in and out. Testimony established that, because of the layout of the Lobells’ house and garage and the lack of any street frontage, they needed the circular driveway for both maneuvering room and guest parking. While these purposes may not be absolute needs, they are more than mere conveniences and certainly conform to the concept of “full use” of the servitude. We see no inconsistency between the judgment below and the legal principle of strict construction of servi-tudes.
We affirm the judgment in all respects. Mardel Richard Hogan and William J. Hogan must pay the costs of this appeal.
AFFIRMED.