JiGAUDIN, Judge.
The parties to this litigation, appellants Dr. and Mrs. Kenneth E. Vogel and appel-lees Dr. and Mrs. Charles Chappuis, own lots in Jefferson Parish separated by a 50-foot wide servitude. Most of the servitude, 44 feet, covers the Vogel lot. The remaining six feet is on the Chappuis property.
Appellants filed suit in the 24th Judicial District Court seeking a declarative judgment and injunctive relief, claiming that ap-pellees had made improper use of the servitude by (1) installing underground drainage pipes, (2) putting up a mailbox and (3) planting several small trees and shrubs.
Following a trial, the district judge ruled in favor of Dr. and Mrs. Chappuis, finding that appellees’ use of the servitude was encompassed within the word “utilities” which the servitude permitted. The court found the “utilities” included “... gas, drainage, water, electric, postal, telephone, cable and sanitation.”
Further, the trial judge stated, the servitude contemplated only passage, not “... blockage, obstruction, storage or permanent improvements.” We affirm this judgment.
Prior to trial, various facts and the admissibility of certain documents 12were stipulated to. This five-page stipulation is attached to and made part of this opinion.
Both parties cite Hogan v. Lobell, 608 So.2d 240 (La.App. 5 Cir.1992), but this is not precisely on point. At issue in the current case is the trial judge’s interpretation of “utilities.” In fact, due to the unusual nature of the Vogel-Chappuis servitude, we were unable to find a former case exactly on point or even close.
The 50-foot servitude is recorded and was needed for the subdivision developer to obtain parish approval. The servitude document “... creates an exclusive servitude of passage as a private lane and utilities in perpetuity ... over and across a strip of land ... as servitude of passage and for utilities
The 44 feet on appellants’ land is covered by a roadway. The six feet on the Chappuis side is where the mailbox and shrubbery are situated. The drainage system is fully described in the attached “Stipulations.”
Assuming that the drainage pipes, mailbox and shrubs do not prevent passage, there is nothing in the servitude prohibiting the installation of underground drainage and a mailbox and the planting of small trees and shrubs on the six-foot wide stretch. It would seem that such usage is both necessary and reasonable, reference paragraphs 14 and 16 of the “Stipulations” regarding mail delivery and drainage, respectively.
Accordingly, we hold, as did the trial judge, that the word “utilities” as used in a servitude embraces underground drainage pipes and necessary mailboxes. Although small trees and shrubs are not usually associated with utilities, we cannot say the trial judge here acted in error.
AFFIRMED.
CHIASSON, J., concurs in part and dissents in part.
I-ATTACHMENT
24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON STATE OF LOUISIANA
NO. 436-946
DIVISION “A”
*1314 DEBRA McCUNE, WIFE OF/AND DR. KENNETH E. VOBEL
VERSUS
CYNTHIA GLASS, WIFE OF/AND CHARLES CHAPPUIS
FILED: _
DEPUTY CLERK

STIPULATION

NOW INTO COURT, through undersigned counsel, comes Debra McCune, wife offend Kenneth E. Vogel, (‘Vogels”) plaintiffs, and Cynthia Glass, wife offend Charles Chappuis, (“Chappuis”) defendants, who respectfully represent that it is their desire to stipulate to the following facts and documents:

STIPULATION OF FACTS

1. The Vogels and Chappuis own adjacent lots in Jefferson Parish, Louisiana, more fully described as follows:
Lots 1-A and 1-B of BRENTWAE SUBDIVISION and CLEARY SUBDIVISION, being a resubdivision of former Part Plot 229, Plot 246, Part Plot 230, Plot 246, Cleary Subdivision and a portion of Lot 14 Brentwae Subdivision as shown on the plan of resubdivision of Gilbert, Kelly, & Couturie, Inc., dated July 13, 1989, approved by the Jefferson Parish Council as Ordinance No. 17831 and Recorded in Clerk of Court’s Office on October 27, 1989, as Entry No. 8948584.
(See Exhibits B and D)
2. The Vogels own Lot 1-A, and the Chap-puis own Lot 1-B, Exhibit F.
3. On October 31, 1989, the former property owner of both the Vogel and Chappuis property, Custom Homes by Celia, Inc., created a 50' x 100' Section of Exclusive Passage — Utilities for the use of Lots 1-A and 1-B only, over and across a strip of land forming part of said respective adjacent tracts, Exhibits A and F.
4.Within this 50' x 100' servitude of passage lies a paved road, Exhibits L and M.
|⅜5. This paved road provides a means of passage for the Chappuis from their house to the public street and visa versa.
6. The vast majority of the servitude lies on Lot 1-A owned by the Vogels; that is, approximately 44 feet of the 50 foot width of the servitude lies on the Vogel property, and approximately 6 feet lies on the Chap-puis property. See Exhibit M.
7. After the Vogels purchased Lot 1-A on March 29, 1991, the Vogels engaged an architect to create an entry to the home which they intended to construct on Lot 1-A which included a fence and gate within the 50' servitude of passage, as shown on an architectural drawing attached as Exhibit “E”.
8. The Chappuis objected to the Vogels building anywhere within the servitude.
9. The Chappuis and the Vogels could not compromise relative to building anything within the 50' servitude.
10. In October 1991, after the Vogels purchased Lot 1-A, the Chappuis installed an underground rain-water drainage system consisting primarily to two 4" round plastic pipes primarily on their property, and extending beyond their property to end at the curb line of the paved street composing part of the 50 foot servitude; one of these drain lines reaches the curb line of the street within the Chappuis property, and the other extends approximately 6 feet past the Chappuis line onto the Vogel property in order to reach the curb line of the street. There is no underground public drain line or catch basin within the 50 foot servitude, nor within the dedicated portion of Rue Chardonnay from the edge of the servitude to the intersection of Rue Chardonnay and Rue Royale, and the nearest public drainage catch basin to the Chappuis property is on Rue Royale near its intersection with Rue Chardonnay; therefore, rain water from the two drain lines on the Chappuis property enters upon the extension of Rue Chardonnay within the servitude area at the curb line nearest the Chappuis property and runs along the servitude in an easterly direction *1315 toward the catch basin on Rue Royale, and in so doing it does flow 15over that portion of the servitude area resting on the Vogel property.
11. Accordingly, a portion of the underground drainage system installed by Chap-puis, as described in Paragraph 10 above, rests on or below the Vogel property.
12. The Chappuis’ mailbox rests in the servitude area belonging to the Vogels, between the sidewalk and the curb on that side of the street lying within the servitude area on the Chappuis side of that street, which forms the extension into Rue Chardonnay.
13. The Chappuis have landscaped a portion of the servitude area belonging to the Vo-gels, with a few small trees and shrubs.
14. That if Warren Mott, Jr., Supervisor of Delivery & Collections for the U.S. Postmaster, Metairie, for the area in and around 3746 Rue Chardonnay, Metairie, Louisiana 70002, were to testify on the trial of this matter, his testimony would be substantially as follows:
That mail delivery in the area in and around 3746 Rue Chardonnay, Metairie, Louisiana 70002, has been mandated to be by curbside delivery through the use of postal vehicles and that the location of mailboxes must be in accordance with Section 161.524 of the Domestic Mail Manual of the U.S. Postal Service, which provides in part that “Curbside mailboxes must be placed so that they may be safely and conveniently served by carriers without leaving their conveyances and must be located on the right-hand side of the road in the direction of travel of the carrier ...” A copy of this Section of the said manual is attached hereto as Exhibit I.
15. That if George Celia, the agent of Custom Homes by Celia, Inc., the subdivider of the Chappuis and Vogel property and creator of the servitude of passage and utilities at issue in this matter, were to testify on the trial of this matter, his testimony would be substantially as set out in his affidavit dated May 7, 1993, heretofore filed in these proceedings in opposition to the Plaintiffs’ Motion for Summary Judgment, a copy of which is annexed hereto.
16.That if a knowledgeable representative of the Drainage Department of the Parish of Jefferson were to testify on the trial of this matter, his testimony would verify that there_|6are no drainage catch basins and no underground drain lines situated within the servitude area between the Chappuis and Vogel properties, nor upon the public right-of-way of Rue Chardonnay from the eastern edge of the servitude to the westerly right-of-way of Rue Royale, and that the nearest public catch basin and underground drain line to the Chappuis property is situated on the west side of Rue Royale near its intersection with Rue Chardonnay, and the nearest public drainage catch basin to the Vogel property is situated on the north side of Rue Chardonnay easterly of its intersection with.Rue Royale.

STIPULATION AS TO ADMISSIBILITY OF DOCUMENTS

Exhibit A — Act of Servitude of Exclusive Passage and Utilities by Custom Homes by Celia, Inc., dated October 31, 1989.
Exhibit B — Act of Sale of Property by Custom Homes by Celia, Inc. to Cynthia Glass, wife of/and Charles Chappuis, dated January 26,1990.
Exhibit C — Survey of Everett V. Treigle, Jr., dated Januaiy 31,1991.
Exhibit D — Act of Cash Sale of Property by Custom Homes by Celia, Inc. to Debra MeCune, wife of/and Kenneth E. Vogel, dated March 29,1991.
Exhibit E — Plan of George Hopkins of the Vogel residence dated April 10, 1992.
Exhibit F — Shaded diagram of Lots 1-A and 1-B.
Exhibit G — Plaintiffs’ Request for Production of Documents and Interrogatories.
Exhibit H — Defendants’ answer to plaintiff Request for Production of Documents and Interrogatories with attachments.
Exhibit I — Section 151.524 of the Domestic Mail Manual-C, U.S. Postal Service.
*1316 Exhibit J — Sections 33-10, 33-12, 33-14 and 33-24 of the Jefferson Parish Code of Ordinances.
|7Exhibits K-l through K-14, — Various photographs in and around the Chappuis and Vogel properties.
Exhibit L — Shaded diagram of Servitude of Passage and Utilities.
Exhibit M — Shaded diagram of paved portion of Servitude of Passage and Utilities.
Respectfully submitted:
RICCI & GIEPERT
/s/ Gary Giepert
JACK A. RICCI, BAR # 11213
GARY J. GIEPERT, BAR # 18604
Fidelity Homestead Building
837 Gravier Street, Suite 908
New Orleans, LA 70112
(504) 523:-0700
Attorneys for Debra McCune, wife of and Kenneth E. Vogel
/s/ Nicholas J. Gagliano
NICHOLAS J. GAGLIANO, BAR # 5869 3500 N. HULLEN STREET, SUITE 17A
METAIRIE, LA 70002 (504) 456-8647
Attorney for Cynthia Glass, wife ofand Charles Chappuis
| iCHIASSON, Judge, concurs in part and dissents in part.
I respectfully concur in part and dissent in part.
This matter concerns the interpretation of a conventional servitude of passage and a servitude for utilities in perpetuity established on the Vogel and Chappuis property by their ancestors in title. The conventional servitude provides that a fifty foot wide servitude of passage and for utilities is established on the two properties and that the “... owners shall at no tíme obstruct the common private lane in a manner so as to interfere with the use thereof by [the other landowner.]” Forty-four feet of the servitude is on the Vogel property and six feet of the servitude is on the Chappuis property. All of the paved portion of the servitude is on the Vogel property.
In my view, I believe both parties are precluded from planting trees and shrubs that could impede passage over any portion of fifty foot wide servitude. Therefore, I respectfully dissent from that portion of the opinion allowing the planting of trees and shrubs in the servitude area by either party. Further, because drainage and the mailbox are encompassed in the servitude for utilities, I concur with the majority opinion that the underground drainage system and the mailbox do not violate the terms of the servitude.