MARION F. EDWARDS, Chief Judge.
 

 This is an appeal from a declaratory judgment and permanent injunction which decreed that a servitude that exists between the parties’ properties is one of exclusive passage and utility and does not include the general right to park vehicles. Upon review, we find that this appeal must be dismissed for lack of jurisdiction, and the matter remanded to the trial court for further proceedings.
 

 Plaintiffs/appellees, Laurie and Hector Ventura (“the Venturas”), and defendants/appellants, Debra and Kenneth Vo-gel (“the Vogels”), live across the street from each other on a private extension of Rue Chardonnay in Metairie. The properties face each other across a 50’ x 100’ extension at the end of Rue Chardonnay that forms a roadway/cul de sac. The land for this extension was originally cut from each property when the land was divided into two lots by the prior owner (Custom Homes by Celia, Inc.) by an Act dated October 31, 1989 and duly recorded in the Conveyance of Jefferson Parish. The 50’ x 100’ was created as “an exclusive servitude of passage as a private lane and utilities in perpetuity for the exclusive use of
 
 Lots 1-A and 1-B only.”
 
 A home was built on each lot. The Vogels acquired Lot-A in 1990 and the Venturas acquired Lob-B in 1999. Both families use the homes as their primary residences.
 

 RBoth parties apparently used the cul de sac for parking and access to their respective driveways. There was friction between these neighbors over the use of the servitude that rose to the level of litigation in 2009.
 
 [1]
 
 The parties began exchanging letters complaining about misuse of the servitude. In May of 2009, the Venturas notified the Vogels of their intent to construct a circular driveway fronting on the servitude. The Vogels objected to the construction of the driveway and claimed 44’ of the 50’ width of the servitude as private property.
 

 The Vogels filed a petition against the Venturas in July of 2009 for damages due to the alleged improper use of the servitude.
 
 [2]
 
 In September of 2009, the Ventu-ras filed this action for declaratory judgment and permanent injunction seeking a declaratory judgment determining the rights and obligation of the parties under the servitude, including the right to construct a circular driveway and to park vehicles in front of their home. The petition also seeks a ruling from the trial court enjoining the Vogels from disturbing and/or interfering with the Venturas’ right of use and enjoyment of the servitude.
 

 A preliminary injunction was granted on October 6, 2009 enjoining both the Vogels and the Venturas from parking in the servitude. The order made an exception for business invitees providing commercial sendees who can park for a reasonable time. Other issues, including the right to construct the circular drive, were not addressed in the judgment. No appeal was taken from that judgment.
 

 
 *941
 
 The hearing for the declaratory judgment and permanent injunction came before the trial court on November B, 2009. At that time, the trial court declared its intention to consider and rule on all issues in the petition. However, at the request |4of the Vogels, the matter was again restricted only to the right to parking on the servitude.
 

 On November 5, 2009, the trial court rendered a judgment declaring that the “the Servitude of Exclusive Passage and utility does not include a right to park on the servitude.” In accordance with that ruling, the trial court entered a judgment of permanent injunction against parking in the servitude, with the exception “for business invitees and/or licensees providing commercial services including deliveries, maintenance, and construction, allowing such invitees and/or licensees to park on the servitude, but only for as long as it is reasonably necessary to conduct their business and in no case overnight.” The Vogels have appealed that judgment.
 
 [3]
 

 LAW AND ANALYSIS
 

 Appellate courts have the duty to examine their subject matter jurisdiction
 
 sua sponte,
 
 even when the parties do not raise the issue.
 
 [4]
 
 While a final judgment is appealable, an interlocutory judgment is appealable only when expressly provided by law.
 
 [5]
 
 A judgment that “determines the merits in whole or in part,” and an interlocutory judgment is one that “does not determine the merits but only preliminary matters in the course of the action.”
 
 [6]
 

 The judgment before us is a judgment that does not determine the merits in whole. The only issue ruled upon is the issue of parking. There is no ruling on the obligation of the parities under the servitude, or the right to construct a circular driveway. La. C.C.P. art. 1915 provides in pertinent part:
 

 1 sA. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
 

 (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or in-tervenors.
 

 (2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
 

 (3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
 

 (4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1088.
 

 (5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of
 
 *942
 
 damages is to be tried before a different jury.
 

 (6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).
 

 B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
 

 (2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
 

 We find the judgment before this Court is a non-appealable judgment. Accordingly, we are without jurisdiction to consider the merits of the appeal. For the foregoing reasons this appeal is dismissed, and the matter is remanded to the trial court for further proceedings.
 

 APPEAL DISMISSED; MATTER REMANDED
 

 [1]
 

 . We note that this is not the first time the Vogels have been involved in a legal battle over this servitude. In 1995, the Vogels sued the prior owners of the Venturas’ home and sought an injunction keeping them from installing underground drainage, planting trees and shrubs, and putting up a mailbox.
 
 See, Vogel v. Chappuis,
 
 95-863 (La.App. 5 Cir. 2/14/96), 670 So.2d 1312.
 

 [2]
 

 . That action is separate and there is no indication in the record before us that the two matters have been consolidated.
 

 [3]
 

 .The Vogels also filed an untimely motion for new trial that they subsequently dismissed before a ruling was made. The motion for appeal, however, was timely filed. The Vo-gels moved for and were granted a suspensive appeal to which the Venturas objected. There is no indication that the trial court has acted on that motion in opposition to the suspensive appeal. We note that the Vogels have posted the required appeal bond.
 

 [4]
 

 .
 
 Monterrey Center, LLC v. Education Partners, Inc.,
 
 08-0734 (La.App. 1 Cir. 12/23/08), 5 So.3d 225, 228-29.
 

 [5]
 

 . La. C.C.P. art. 2083.
 

 [6]
 

 . La. C.C.P. art. 1841.