FREDERICKA HOMBERG WICKER, Judge.
laThis litigation arises out of the interpretation of a servitude-burdening Lots 1-A and 1-B of the Brentwae and Cleary subdivisions in Metairie, Louisiana. Plaintiffs argue that the servitude at issue, which includes a private lane or cul-desac, permits both parties to park within the entirety of the servitude. Defendants assert that the servitude does not grant the right to park and, thus, that plaintiffs are not permitted to park within the portion of the servitude owned by defendants. The parties filed cross-motions for sumttiary judgment,' seeking interpretation of the servitude at issue. The trial court granted summary judgment in favor of defendants, finding that the servitude'at issue does not grant the right to park within the servitude. For the following reasons, we find that the unique language in the servitude at issue grants each property owner the rights and usages customary to the public roadway to which the servitude is connected, including the bright- to park as permitted on the public roadway. Accordingly, we reverse the trial court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, Laurie Ventura wife of/and Dr, Hector Ventura (the Venturas), live across from defendants, Debra • McCune, wife of/and Dr. Kenneth Vogel (the Vo-gels), on a cul-de-sac and private extension of Rue Chardonnay in Metairie. A portion of each party’s property is encumbered by a 50' X 100' servitude, the majority of which includes a paved private lane and cul-de-sac. The servitude was created when the land was divided into two lots by the prior owner of both lots, Custom Homes by Celia, Inc., by an Act dated October 31,1989, and duly recorded in the conveyance records of Jefferson Parish.[1]
On September 4, 2009, the Venturas filed a “Complaint for Declaratory Relief and/or Injunctive Relief’ against the Vo-gels, seeking a determination of the rights of the parties pursuant to the servitude imposed upon the properties — including each party’s right to park on the roadway in front of his/her home — and further seeking to enjoin the Vogels from interfering with the Venturas enjoyment and use of the servitude, at issue.[2]
*48 On December 6, 2012, the Vogels filed a motion for summary judgment, asserting that the servitude at issue only grants the Venturas the right of passage and access to their property through the private lane and does not grant the right to Impark on the portion of the servitude owned by the Vogels.[3] In support of its motion, the Vogels attached the servitude at issue. The Vogels asserted that the right of passage granted in the servitude does not include the right to park and the servitude should not be interpreted to grant rights additional to those provided in the clear language of the servitude.
On June 24, 2013, the Venturas filed a motion for summary judgment, asserting that the clear language of the servitude grants them the right to park their vehicles on the private lane within the 50-foot servitude. The Venteas further argued that the language of the servitude clearly grants equal rights and obligations to the owners of Lots 1-A and 1-B. In support of their motion for summary judgment, the Venturas attached the servitude at issue as well as the affidavit of George Celia, the former owner of Custom Homes by Celia, Inc., who executed the servitude at issue. The Venturas argued that, in addition to the language of the servitude granting equal rights to the parties, Mr. Celia’s affidavit demonstrates his intent to grant equal rights and obligations unto the parties and further shows that he intended parking to be included as a right granted by the servitude.[4]
On August 30, 2013, the trial court conducted a hearing on the motions for summary judgment. At the hearing, the trial judge declined to consider Mr. Celia’s affidavit, finding that the language of the servitude itself is clear and unambiguous. The trial judge then granted the Vogels’ motion for summary judgment and found that the language of the servitude does not grant the right to park within the servitude. Consequently, the trial judge denied the Venturas’ motion for summary judgment. From that judgment, the Venturas appeal.
lfiIn this appeal, the Venturas claim that the trial judge erred in not considering the affidavit of Mr. Celia, which they assert shows a clear intent to include parking within the rights granted by the servitude. Alternatively, the Venturas assert that the trial judge erred in finding that the language of the servitude at issue does not encompass the right to park; the Venturas argue that the explicit language included in the servitude, making it an “extension of Rue Chardonnay[,]” clearly grants both parties the right to use the private lane in the same manner in which the public resi *49 dential street, Rue Chardonnay, is used and consequently, grants each party the right to park on the paved private lane within the 50-foot servitude.

Procedural Note

The parties in this case filed their motions for summary judgment in December of 2012 and June of 2013. At that time, La. C.C.P. art. 966 required that evidence submitted in connection with a motion for summary judgment be formally introduced into evidence and that “[o]nly evidence admitted for purposes of the motion for summary judgment shall be considered by the court in its ruling on the motion.” The parties in this case failed to formally offer and introduce any of their attachments into evidence at the hearing on the cross-motions for summary judgment. However, La. C.C.P. art. 966 was amended in 2013 by Act. No. 391, which added the following language:
Evidence cited in.and attached to the motion for summary judgment memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph. Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion.
La. C.C.P. art. 966(F)(2). (emphasis added)
Accordingly, La. C.C.P. art. 966 was amended to provide that all evidence attached to summary judgment motions and oppositions thereto would be “deemed | fiadmitted[.]” The amendment further required that any objection to evidence attached to a motion for summary judgment be made in writing. La. C.C.P. art. 966(F)(3). This amendment was made effective August 15, 2013. The hearing on the motions for summary judgment at issue in this case was held on August 30, 2013; thus, this amendment was in effect at the time of the summary ■ judgment hearing.
Because the summary judgment law at issue concerns the admission of evidence at a summary judgment hearing, we find that the- version of the law in effect at the time of the hearing applies. See First Bank & Trust v. Proctor’s Cove II, LLC, 13-802 (La.App. 5 Cir. 9/24/14), 150 So.3d 418.
Accordingly, in this ease, because no party objected in writing to any evidence attached to the motions for summary judgment as required under La. C.C.P. art. 966(F)(3), all attachments to the motions for summary judgment are “deemed admitted” in this appeal.[5]

DISCUSSION

The law is well-settled that an appellate court reviews the granting of a motion for summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Hines v. *50 Garrett, 04-0806 (La.6/25/04), 876 So.2d 764, 765; Jefferson Parish Hosp. Dist. No. 1 v. K & B Louisiana Corp., 13-508 (La.App. 5 Cir. 3/12/14), 138 So.3d 51, 54, writ denied sub nom., Jefferson Parish Hosp. Dist. No. 1 v. K & B Louisiana Corp., 14-0759 (La.5/23/14), 140 So.3d 731. A motion for - summary I judgment should.be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2).
In this case, the parties filed cross-motions for summary judgment seeking interpretation and enforcement of a servitude created by title. The use and extent of a predial servitude created by title are regulated by the title by which they are created. La. C.C. art. 697. The Act creating the servitude at issue, in pertinent part, states:
That it hereby creates an exclusive servitude of passage as a private lane and utilities in perpetuity’ for the exclusive use of Lots 1-A and 1-B only, over and across a strip of land forming part of said respective adjacent tracts, 50' X 100' as servitude of passage and for utilities being an extension of the 50 right of way of Rue Chardonnay in a westerly direction for the exclusive use of Lots 1-A and 1-B only ...
⅜ ⅜ c ⅜
The future owners, their heirs and assigns, shall at aE times .maintain the said .private , lane in good order and condition and shall contribute equally to the cost of such maintenance.
(emphasis in original)
Although summary judgment is generally not appropriate to establish the intent of contracting parties, where the words of a contract are clear, unambiguous, and lead to no absurd consequences, the meaning and intent of the parties must be sought within the four comers of the instrument and cannot be explained or contradicted by parol evidence. Claitor v. Brooks, 13-0178 (La.App. 1 Cir. 12/27/13), 137 So.3d 638, 644-45, writ denied, 14-0198 (La.4/4/14), 135 So.3d 1182 (quotations omitted); see also La. C.C. art. 1848. Under those circumstances, the interpretation of the contract is a matter, of law and summary judgment is | «appropriate. Sims v. Mulhearn Funeral Home, Inc., 07-0054 (La.5/22/07), 956 So.2d 583, 590.
This Court has previously recognized the unique and unusual nature of the servitude at issue in this case and has found that there is no Louisiana case law involving a similarly worded servitude. See Vogel v. Chappuis, 95-863 (La.App. 5 Cir. 2/14/96), 670 So.2d 1312, 1313.[6] Upon our consideration of this matter, we first find that the trial judge was correct in refusing to consider parole evidence to interpret the servitude at issue in this case. However, we further find that the trial judge erred in granting summary judg *51 ment in favor of the Vogels and we reverse that judgment. ...
In considering the language of the servitude at issue, which creates a “servitude of passage as a private lane[,]” we find that the servitude grants unto the owners of Lots 1-A and 1-B the exclusive use of the 50' X 100' servitude at issue; we further find that the language of the servitude explicitly stating that the 50' X 100' servitude — “being an extension of ... Rue Chardonnay ’’ — also grants unto each party the right to use the private lane' in the same manner that is reasonable and customary to the use of the public, residential street to which it extends, Rue Chardonnay. Accordingly, we find that both parties, as the owners of Lots 1-A and 1-B, aré granted equal rights to the exclusive use of the “servitude of passage as á private lane” and may use or exercisé their rights within the servitude in the" same manner that they may use the roadway Rue Chardonnay.
The parties assert, and the. record reflects, that vehicles in the neighborhood do in fact park in front of the homes on Rue Chardonnay. As to the specific issue |9of parking raised by the parties, we find that the parties herein are permitted to park in the same manner and to the same extent as permitted by law on Rue Chardonnay.
Accordingly, for the reasons provided herein, the judgment of the trial court is reversed. ‘

REVERSED

. This is not the first time, the Vogels have been involved in litigation over this servitude. In 1995, the Vogels sued the prior owners of the Venturas’ property and sought an injunction to prohibit them from installing underground drainage, planting trees and shrubs, and putting up a mailbox. See, Vogel v. Chappuis, 95-863 (La.App. 5 Cir. 2/14/96), 670 So.2d 1312. Further, the instant case was consolidated with another matter pending in the 24th Judicial District Court, case no. 675-543, Debra McCune, wife of/and Dr. Kenneth Vogel v. Laurie Ventura, wife of/and Hector Ventura, an action arising out of alleged damage to trees removed from the Vo-gels’ property by the Venturas. Although irrelevant to our analysis, the parties assert in their briefs that the matter concerning tree damage has been settled.-

, On October 6, 2009, the trial judge at that time, Honorable Joan Benge, granted a.preliminary injunction, enjoining both parties from parking in front of their homes. The hearing for permanent injunction took place on November 3, 2009, at which time Judge *48 Benge determined that the servitude at issue did not grant either party the right to park within the servitude. The Vogels appealed that judgment. This Court dismissed the Vo-gels' appeal and remanded the matter to the trial court, finding that this Court lacked jurisdiction to consider the merits of the appeal because the judgment appealed was not a final, appealable judgment. See Ventura v. Vogel, 10-118 (La.App. 5 Cir. 6/14/11), 70 So.3d 939.

. The parties assert that the Vogels own 44 feet of the 50-foot servitude, which encompasses the entire paved portion of the private lane where the Venturas seek to park.

. Mr. Celia’s affidavit states that, upon creating the servitude on behalf of Custom Homes by Celia, Inc., it was the company’s intent for the future owners of Lot 1-A and Lot 1-B to have the “reasonable and accessory customary uses and benefits .., as would accrue to said lots if they were located upon a publicly dedicated street.” Mr. Celia further attested that the company intended that the servitude grant "equal benefits and usages ... without any distinction arising out of ownership of the distinct areas upon which the servitude bears.”

. In support of their motion for summary judgment, the Vogels attached only the servitude at issue. The Venturas, in support of their motion for summary judgment, attached the original complaint for declaratory judgment and/or injunctive relief; the November 3,2009 preliminary injunction issued by Judge Benge enjoining, either' party from parking within the servitude, the November 5, 2009 declaratory judgment/permanent injunction issued by Judge Benge enjoining either party from parking within the servitude, this Court’s opinion dismissing the Vogels’ appeal, Ventura v. Vogel, 10-118 (La.App. 5 Cir. 6/14/11), 70 So.3d 939, the January 8, 2010 consent judgment consolidating this matter with case no. 675-543 of the 24th Judicial District Court between these parties arising out of the alleged tree damage, the original petition for damages in case no. 675-543, the servitude at issue, and the affidavit of Mr. George Celia, the former owner of Custom Homes by Celia, Inc.

. In this appeal, the Venturas argue that because this Court, in its 1996 Chappuis opinion, considered parole evidence to interpret the nature and extent of the exact servitude at issue, the Court should also consider the .parole evidence submitted in this case in connection with the motions for summary judgment. However,' we find that the issue on appeal in the Chappuis matter concerned the interpretation of the term ‘‘utilities” as provided in the servitude and that, at the time of this Court’s Chappuis opinion, the term “utilities” was not defined in 'Louisiana law. Further, the parties in the Chappuis matter, which are 'not identical to the parties in the instant case, stipulated to the admission and consideration of all parole evidence submitted.