817 So.2d 395 (2002)
FREY PLUMBING CO., INC.
v.
COMMUNITY CARE, LLC., d/b/a Community Care Hospital, C.E.M. General Contractors, a/k/a Construction & Environmental Management, LLC.
Atlas Blowpipe and Sheetmetal Works, Inc.
v.
Community Care Hospital L.L.C. and Construction & Environmental Management, L.L.C.
Nos. 2001-CA-1835, 2001-CA-1836.
Court of Appeal of Louisiana, Fourth Circuit.
May 1, 2002.
Leonard L. Levenson, Pamela M. Wiza, New Orleans, LA, for Plaintiff/Appellee.
Lauren Z. Garvey, Ricardo A. Aguilar, Lisa D. Munyon, Mcglinchey Stafford, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge MIRIAM G. WALTZER, Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY).
MICHAEL E. KIRBY, Judge.
Defendant, Community Care Hospital, L.L.C., d/b/a Community Care Hospital ("Community Care") appeals the grant of Partial Summary Judgment in favor of Frey Plumbing Co., Inc., which recognized *396 a Statement of Claim or Privilege (lien) against Community Care under the Louisiana Private Works Act, La. R.S. 9:4801, et seq.

STATEMENT OF THE FACTS
On or about October 3, 1996, defendant-appellant, Community Care entered into a written construction contract with C.E.M. General Contractors a/k/a Construction and Environmental Management, L.L.C. ("C.E.M."), which provided for extensive renovations to the building owned by Community Care located at 1421 General Taylor, New Orleans, Louisiana. In accordance with La. R.S. 9:4811 of the La. Private Works Act, C.E.M. and Community Care signed a Notice of Contract,[1] which was filed in the mortgage records for the Parish of Orleans on October 16, 1996.
C.E.M. then entered into a subcontract with Frey Plumbing Co., Inc. ("Frey") to complete portions of the improvements to the premises as provided for in the building contract.
Despite C.E.M.'s agreement to complete the renovations by December 31, 1996, it was unable to fulfill its obligations by that date. It was not until March 24, 1997, that Community Care was finally able to move into the premises, and on March 31, 1997, Community Care signed a purported Notice of Termination[2] noting the completion of the work on the premises. That notice was filed in the mortgage office for the Parish of Orleans on April 1, 1997.
Shortly thereafter, Community Care received notice from C.E.M. that it sought to recover an amount that exceeded the price agreed to in the original building contract. To date, Community Care has paid C.E.M. a total $382,000, an amount in excess as to what Community Care allegedly agreed to pay to C.E.M.
On or about May 1, 1997, alleging it had not been paid the amount past due under the subcontract, Frey filed two (2) Statements of Claim or Privilege, one in the amount of $25,453, representing the sum due under the original contract, and another in the amount of $39,538.91, representing the amount of extras that were allegedly requested and approved by Community Care. On May 1, 1997, Frey mailed a Notice of Lien to C.E.M. and Community Care. Frey used a former mailing address of Community Care, i.e. 625 Jackson Avenue, New Orleans, Louisiana. Frey did not use the address that Community Care listed in its Notice of Contract with C.E.M. Nevertheless, the mailing was not returned undeliverable and Community Care has not specifically denied receiving the document.
On August 18, 1999, Frey filed a Motion for Summary Judgment, or Alternatively, Partial Summary Judgment requesting that the trial court enter judgment against Community Care for the amount owed under its original subcontract with C.E.M., as well as for the additional extra work that it performed allegedly at C.E.M.'s request and for recognition of its lien. On October 22, 1999, the trial court held a hearing on both of Frey's motions. Frey claimed that it had filed timely and proper statements of lien and privileges in accordance with *397 the requirements set forth under the Private Works Act. On January 11, 2001, the trial court granted partial judgment against Community Care with respect to Frey's first Statement of Claim or Privilege against Community Care. In so doing, the trial court determined that Frey had complied with La. R.S. 9:4822 of the Private Works Act by filing its Statement of Claim and Privilege on May 1, 1997, which was within thirty (30) days after Community Care filed its purported Notice of Termination.

DISCUSSION
The gist of Community Care's argument is that since Frey did not address its Statement of Claim/Notice of Lien to the address that Community Care had listed on its Notice of Contract, it is deficient according to the Louisiana Private Works Act, La. R.S. 9:4822A(2); 9:4842.
Louisiana R.S. 9:4822A states:
A. If a notice of contract is properly and timely filed in the manner provided by R.S. 9:4811, the person to whom a claim or privilege is granted by R.S. 9:4802 shall within thirty days after the filing of a notice of termination of the work:
(1) File a statement of their claims or privilege.
(2) Deliver to the owner a copy of the statement of claim or privilege. If the address of the owner is not given in the notice of contract, the claimant is not required to deliver a copy of his statement to the owner. [Emphasis added.]
The other relevant statute is La. R.S. 9:4842A, which states:
A. A notice required or permitted to be given by this Part ... shall be deemed to have been given or delivered when it is delivered to the person entitled to receive it, or when the notice or document is properly deposited in the United States mail for delivery by certified or registered mail to that person. The mailing may be addressed to an owner, contractor, or surety at the address given in a notice of contract.... [Emphasis added.]
Reading both of these statutes together, as we must under Civil Code art. 13, it is clear that there is a legislative intent to provide an owner with a copy of the statement of claim or some written notice of the lien on his property. Community Care argues that these two statutes taken together mandate that such notice be given at the address of the owner given in the notice of contract.
As the trial court did, we reject this argument. First, we find La. R.S. 9:4822(A) to be clear and unambiguous. It specifically mandates delivery of the notice to the owner, but it does not require the notice to be delivered to a specific address. If the notice of contract does not provide the owner's address, then the claimant is absolved of his mandated duty to deliver notice of the claim. However, this section clearly does not require notice be given at the address in the notice of contract of record nor does it prohibit giving notice to another address of the owner. Section 4842(A) provides that such notice may be addressed to the owner at the address given in the notice of contract. It is axiomatic in statutory construction matters that the word "may" is permissive. It is quite clear to us that Frey was free to use another address either the address given in the notice of contract or another address of the owner available to it.
Frey proved that it had mailed copies of its Statement of Lien and Privilege to 625 Jackson Avenue, New Orleans, Louisiana. This was the address listed for Community Care in the Act of Acquisition of the property upon which this lien rests. We find it to be a valid address of the defendant, *398 Community Care, as the owner did not deny receipt. We find that the holder of the lien complied with the "delivery" requirement, as found in 9:4822, by mailing the Statement of Lien to the address listed in the public records for the owner, Community Care, in the Act of Acquisition of the property upon which this lien rests.
In light of Community Care's failure to specifically deny receipt of actual notice, we cannot say the trial court misapplied the two statutes. Therefore, the granting of the partial summary judgment in favor of the plaintiff, Frey, is affirmed.
AFFIRMED.
NOTES
[1] This case was consolidated at the trial court level. The other plaintiff, another subcontractor, Atlas Blowpipe and Sheetmetal Works, Inc., argued that the Notice of Contract was invalid. This issue was not raised on appeal, therefore we do not review it.
[2] There exists controversy as to whether the Notice of Termination was valid. Frey contends the Notice of Termination was invalid. We need not reach that issue because we find that Frey complied with the requirements of La. R.S. 9:4822 and their lien is preserved, regardless of the validity of the Notice of Termination.