820 So.2d 656 (2002)
Chris DUCOTE, et al.
v.
Roy VOINCHE, et al.
No. 02-0060.
Court of Appeal of Louisiana, Third Circuit.
June 19, 2002.
*657 Edward Allen Kaplan, Attorney at Law, Alexandria, LA, for Defendants/Appellees, Roy Voinche, Donald Voinche.
Daniel G. Brenner, Bolen, Parker, & Brenner, Ltd., Alexandria, LA, for Plaintiffs/Appellants, Chris Ducote, Kelly Ducote.
Court composed of NED E. DOUCET JR., Chief Judge, JOHN D. SAUNDERS, and OSWALD A. DECUIR, Judges.
SAUNDERS, Judge.
Chris and Kelly Ducote filed suit against Ray Voinche and Donald Voinche for the purpose of canceling a lien in the mortgage records. Although a judgment was rendered in favor of the Ducotes canceling the lien, they were denied attorney fees and assessed half of the court costs. As a result, the Ducotes filed this appeal. For the following reasons, we affirm the judgment in part, reverse the judgment in part, and amend the judgment.

FACTS AND PROCEDURAL BACKGROUND
On October 18, 1998, the Ducotes and Voinches entered into a contract. The Voinches agreed to paint the interior and exterior walls, paint the ceilings, and hang wall paper in the Ducotes' home. The Voinches agreed to do the work for $10,915.00, with an additional $1,000.00 wallpaper allowance. Further, the work was to be completed by December 15, 1998, and the Voinches assured the Ducotes that the work would be completed in four weeks.
Six weeks after beginning the work, the Voinches had not completed the job, and it was apparent that the work would not be completed for the December 15th deadline. In addition, the Ducotes were not satisfied with the quality of work being done by the Voinches. The Voinches had installed the wallpaper in the foyer upside down and had painted interior walls the wrong color. As a result, the Ducotes hand-delivered a letter to the Voinches in which they terminated the contract for unfinished work, poor workmanship, and substandard work.
*658 The Ducotes had paid the Voinches weekly as the services were provided and materials used. At the time the contract was terminated, the Voinches had been paid for $9,499.09, which included the $1,000.00 wallpaper allowance. This amount included all costs for labor and materials due at the time the contract was terminated. The Voinches demanded the remaining $2,615.00 under the contract, and on December 11, 1998, they filed an "Affidavit Creating Lien For Labor Performed." As a result, a lien was filed for the unpaid amount and recorded in the mortgage records.
The Ducotes refused to pay the additional amount because the contract was terminated and because they felt that no additional money was due. Hence, the Ducotes sent a formal demand to the Voinches requesting that they supply a written authorization directing the Recorder of Mortgages to cancel the lien. The Voinches did not provide the authorization to the Ducotes. As a result, the Ducotes filed suit against the Voinches requesting that the lien be canceled and demanding attorney fees. After considering the oral arguments of the parties, the trial judge rendered a judgment canceling the lien, but he refused to award attorney fees. In addition, he assessed court costs to both parties. The Ducotes then filed this appeal.

LAW AND ANALYSIS
On appeal, the Ducotes assert that the trial court committed legal error when it failed to award attorney fees and court costs. In particular, the Ducotes argue that they are entitled to attorney fees and court costs under La.R.S. 9:4833. That statute provides in pertinent part:
A. If a statement of claim or privilege is improperly filed or if the claim or privilege preserved by the filing of a statement of claim or privilege is extinguished, an owner or other interested person may require the person who has filed a statement of the claim or privilege to give a written authorization directing the recorder of mortgages to cancel the statement of claim or privilege from his records. The authorization shall be given within ten days after a written request for authorization has been received by the person filing the statement of claim or privilege from a person entitled to demand it.
B. One who, without reasonable cause, fails to deliver written authorization to cancel a statement of claim or privilege as required by Subsection A of this Section shall be liable for damages suffered by the owner or person requesting the authorization as a consequence of the failure and for reasonable attorney's fees incurred in causing the statement to be cancelled.
C. A person who has properly requested written authorization for cancellation shall have an action against the person required to deliver the authorization to obtain a judgment declaring the claim or the privilege extinguished and directing the recorder of mortgages to cancel the statement of claim or privilege if the person required to give the authorization fails or refuses to do so within the time required by Subsection A of this Section. The plaintiff may also seek recovery of the damages and attorney's fees to which he may be entitled under this Section ...
First, upon review of the record, we note that the trial judge made the following findings of fact. At some point during the work, the Plaintiffs became dissatisfied with the quality of work being performed by the Voinches. The Defendants admitted that there were errors. *659 There was no money due the Voinches, and the lien should be canceled.
We have reviewed the record and agree with these findings. Ms. Ducote testified to the following. The wallpaper was hung upside down in the bathroom. The wallpaper could not be replaced because it was discontinued and because all bathroom fixtures and floors were purchased to match the paper. In addition, the seams of the wallpaper did not meet in other rooms. Moreover, the Voinches hung the wallpaper upside down in the foyer. Next, the Ducotes had to re-stain the kitchen cabinets because of the poor quality of work. The Ducotes also had to repaint the moldings in the foyer and the dining room and repaint some of the walls. The Voinches used eggshell paint instead of flat paint as specified. Finally, the Ducotes were required to paint some of the exterior even though the Voinches were obligated to paint the exterior under the contract.
The record also contains canceled checks which the Ducotes submitted proving that the Voinches were paid for all of the work that they completed. The checks were dated from October 30, 1998 through December 4, 1998, which was the date the contract was terminated. The checks total $9,499.09. As such, we are satisfied with the findings of the trial court that the Voinches performed substandard work and were not entitled to any additional money.
However, we do find that the trial court committed legal error when it did not award attorney fees and court costs for the following reasons. The lien was improperly filed. The Voinches could not have expected to get paid for work that they did not complete. As stated above, the work was substandard, incomplete, and not on schedule. They even admitted to doing poor work. Further, the Voinches were paid until the termination of the contract. No money was due.
We note that this case is similar to LaMoyne-Clegg Development Corporation v. Bonfanti-Fackrell, Ltd., 509 So.2d 43 (La.App. 1 Cir.1987). In that case, the plaintiff terminated the defendant contractor's work, and the defendant contractor responded by filing a lien. The plaintiff then requested an authorization to cancel in accordance with La.R.S. 9:4833. The defendant refused to do so which led to litigation. The trial court awarded attorney fees which were upheld, with the appellate court stating that it is not necessary to prove that the defendant's refusal to cancel the lien was arbitrary and capricious, but only unreasonable. Id.
In this case, the record indicates that the Ducotes sent a letter to the Voinches on January 13, 2000, demanding that they supply the Ducotes with a written authorization to cancel the lien in accordance with La.R.S. 9:4833. The record indicates that the Defendants received the letter two days later. However, the ten days provided by the statute to produce the authorization lapsed, and the Voinches did not provide the authorization. Their refusal to provide the authorization resulted in this litigation. We are satisfied from our review of the record that the Voinches did not have reasonable cause for failing to deliver the authorization.
Throughout the litigation, the lien continued to remain in effect, and the Ducotes incurred attorney fees and court costs. Then, after being denied the attorney fees and court costs as provided by statute at the trial level, they were required to file this appeal to obtain such relief. As such, we find that the Voinches did not comply with their obligation under La.R.S. 9:4833 and that the trial court committed legal error when it did not award attorney fees and court costs. We note further that the language of La.R.S. 9:4833 is mandatory. *660 The defendant who, as here, acts without reasonable cause "shall" be liable for attorney fees. This language is both clear and mandatory, and the failure to award attorney fees is, therefore, legal error. We find an award of $3,500.00 in attorney fees for the work performed at the trial level and on appeal is warranted.

DECREE
For the above reasons, the judgment of the trial court is affirmed in part, reversed in part, and amended. The trial court's ruling canceling the lien is affirmed; the trial court's ruling denying attorney fees and splitting the court costs is reversed; and the trial court's judgment is amended to reflect an award of $3,500.00 in attorney fees to the Ducotes and to assess all court costs at the trial level to the Voinches. Finally, all costs of this appeal are assessed to the Voinches.
AFFIRMED IN PART; REVERSED IN PART; AMENDED.