United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 28, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

————————————————

No. 03–31170

————————————————

GEORGE RUSSELL PIPES and JANE S. PIPES,

Plaintiffs - Appellants,

versus

DYNA TEN CORPORATION,

Defendant - Appellee.

————————————————————————————

Appeal from the United States District Court
For the Western District of Louisiana
(No. 02-CV-772)

————————————————————————————

Before DEMOSS, STEWART, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Sole proprietors of a construction maintenance company appeal the dismissal of their suit against a subcontractor, alleging that the subcontractor improperly filed a lien on the company's property, and unreasonably refused to cancel the lien when requested to do so. Because the refusal to cancel the lien was not unreasonable, we affirm the judgment of the district court.

## I. FACTS AND PROCEEDINGS

Louisiana residents George and Jane Pipes ("the Pipes") own and operate Pipes Industrial, a sole proprietorship specializing in mechanical maintenance of industrial plants. In the spring of

1

2001, while Pipes Industrial was in a Chapter 13 bankruptcy proceeding, Dyna Ten Corporation ("Dyna Ten") began a business relationship with the Pipes. After negotiations, the Pipes and Dyna Ten entered into an arrangement whereby Dyna Ten performed services for the Pipes's largest client, Willamette Industries ("Willamette"), on the Pipes's behalf. As part of the agreement, the Pipes promised to pay Dyna Ten for those services.

Over a period of two months in mid-2001, Dyna Ten performed work on Willamette job sites. Despite their agreement, the Pipes failed to pay Dyna Ten for the work.[1] In August 2001, as a result of the Pipes's failure to compensate for the rendered services, Dyna Ten filed a lien pursuant to the Louisiana Private Works Act. Almost four months later, the Pipes, in a letter to Tracy Houck, an attorney representing Dyna Ten for claims stemming from the Pipes's bankruptcy, requested that Dyna Ten rescind the lien. Dyna Ten refused; in response, the Pipes filed an adversary action against Dyna Ten, claiming that the lien was fraudulently filed and invalid. Further, the Pipes sought damages for Dyna Ten's allegedly improper refusal to cancel the lien after the Pipes requested that they do so.

The magistrate judge recommended that the Pipes's motion for summary judgment be granted in part, finding that there were technical defects in Dyna Ten's lien. The magistrate judge recommended, however, that the Pipes's lawsuit be dismissed for two reasons: first, a proper cancellation request was not made by the Pipes, and second, Dyna Ten had a reasonable and non-malicious basis for the lien despite its technical deficiencies. The district court followed these recommendations in full, and dismissed the action. This appeal follows.

---

[1] While the actual amount owed is disputed, it is not contested that Pipes Industrial is, in fact, obligated to Dyna Ten for the rendered services.

2

**II. DISCUSSION**

We review a district court's grant of summary judgment *de novo*. *See Arguello v. Conoco, Inc.*, 207 F.3d 803, 807 (5th Cir. 2000). Summary judgment is proper if, after taking all inferences most favorable to the non-movant, there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. *Id.*

**A. The Pipes made a proper request for lien cancellation.**

The Pipes argue that Dyna Ten unreasonably refused to cancel the lien after being requested to do so in violation of Louisiana law. Louisiana statute § 9:4833 states that "an owner or other interested person may require the person who has filed [the lien] . . . to cancel the statement of claim." LA. REV. STAT. ANN. § 9:4833(A) (West 1991). If the lienholder refuses to cancel the lien "without reasonable cause," he "shall be liable for damages suffered by the owner or person requesting the [cancellation]." § 9:4833(B).

Dyna Ten argues that Pipes's request was improper because it was not sent to the address and agent described in the lien. Section 4833 does not state whom should receive the request for cancellation where, as here, the lienholder is a corporation. Section 4842, however, is incorporated into § 4833 by the comment and states that "notice required or permitted to be given in this Part . . . *may* be addressed to an owner, contractor, or surety at the address given in a notice of contract." § 4842 (emphasis added). Louisiana courts have interpreted this section as being permissive, and that a request is not limited to the listed agents. *Frey Plumbing Co., v. Cmty. Care, L.L.C.*, 817 So. 2d 395, 397 (La. App. 4 Cir. 2002) ("It is axiomatic in statutory construction matters that the word 'may' is permissive. It is quite clear to us that [plaintiff] was free to use another address."). Dyna Ten concedes that the Pipes sent the request to Houck, an attorney representing Dyna Ten in the Pipes

Industrial-Willamette-Dyna Ten bankruptcy negotiations. The Pipes's request sent to an attorney actively involved with the legal affairs of Dyna Ten, given the permissive nature of § 4842, was proper.[2]

**B. Dyna Ten's refusal to cancel the lien was not unreasonable.**

Even though we find notice proper, the Pipes are not entitled to damages unless Dyna Ten refused the request "without reasonable cause." LA. REV. STAT. § 4833. A lien based on a substantial sum of owed money, even if not properly perfected, is not unreasonable under Louisiana case law. *See Mayeaux v. McInnis*, 809 So. 2d 310, 313 (La. App. 1st Cir. 2001). Although the amount is contested, the Pipes do not dispute that they owe *some* amount of money to Dyna Ten. Therefore, the cases on which the Pipes rely, *LeMoyne-Clegg Dev. Corp. v. Bonfanti-Fackrell, Ltd.*, 509 So. 2d 43 (La. App. 1 Cir. 1987) and *Ducote v. Voinche*, 820 So. 2d 656 (La. App. 3d Cir. 2002), are inapposite. In *LeMoyne*, the Louisiana appellate court explicitly noted that "at the time defendant filed the lien against plaintiff's property, the defendant knew that the sum of $252,092.78 *was not due and owing*." 509 So. 2d at 46 (emphasis added). Similarly, the *Ducote* court ruled that "[t]he lien was improperly filed. . . . *No money was due*." 820 So. 2d at 659 (emphasis added). Louisiana law is clear: a refusal to cancel a lien is not unreasonable where, as here, there is a sum of money owed to the lienholder.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.[3]

---

[2] We are further persuaded that Dyna Ten had ample notice, given that Houck is representing Dyna Ten *in this action*.

[3] The Pipes also contend that the October 10, 2001 consent order among Willamette, the Pipes, and Dyan Ten obviated the underlying basis for the lien—unpaid funds—and thus makes

Dyna Ten's refusal unreasonable.  Because there is nothing in the consent order that indicates (1) that Dyna Ten disclaimed the Pipes's liability, or (2) that the sum owed to Dyna Ten was absolved, we reject the Pipes's argument.