339 So.2d 955 (1976)
E. Roland KEATING
v.
Alton J. MILLER.
No. 7699.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1976.
Rehearing Denied December 14, 1976.
Writ Refused February 3, 1977.
Alfred Abramson, La Place, for plaintiff-appellee.
Daniel E. Becnel, Jr., Reserve, for defendant-appellant.
Before LEMMON, MORIAL and BEER, JJ.
*956 MORIAL, Judge.
This case is on appeal from a judgment of the district court in favor of the plaintiff in the amount of $4,330.42 after a trial pursuant to a remand by this court. See Keating v. Miller, 292 So.2d 759 (La.App. 4 Cir. 1974).
The district court found that the defendant had expended a total of $18,159.00 to complete the construction of his house. This sum includes $11,000.00 previously paid to the plaintiff. The district court concluded that the defendant had not expended any monies in excess of the contract price of $19,300.00 and, therefore, was not due any reimbursement from the plaintiff. On the basis of quantum meruit, the district court after allowing defendant a credit for the $11,000.00 awarded plaintiff $4,330.42, which included plaintiff's costs for materials, labor, subcontractors and a 20% profit.
Even where there is a lack of substantial performance, as in this case, a contractor has a right to sue to recover the value of work which has inured to the benefit of the owner. However, where a contract price has been agreed upon by the parties and the contractor breaches the contract his recovery is limited to the contract price less the damages caused by his noncompliance. These damages are assessed at the amount expended by the owner to perfect or complete the work. See Bouterie v. Carre, 6 So.2d 218 (Orl.La.App.1942). The application of this formula accords with the provisions of Article 25 of the contract. See Keating v. Miller, supra.
The total costs of completion to defendant substantiated by invoices in the original record are as follows:

 Luke Bourg (3 installments) $4,675.00
 Economy Brick Sales 578.24
 C. T. Boudreaux (Sand) 178.90
 C. T. Boudreaux 9.31
 C. T. Boudreaux 244.12
 Ben Alexander (bricklayer) 632.00
 Cambre Heating & A/C 550.00
 Maurin (plumber) 750.00
 _________
 TOTAL $7,617.57

The original contract price was $19,300.00 from which we deduct $11,000.00 previously paid to the plaintiff which left a balance due under the contract of $8,300.00. Applying the formula of Bouterie, supra and Article 25 of the contract this amount must be reduced by the sum of $7,617.57 expended by defendant to complete the work in a workmanlike manner to determine the value and benefit which defendant has received and now enjoys. Therefore, we conclude that plaintiff is entitled to recover the amount of $682.43.
For the foregoing reasons the judgment appealed is amended by reducing the sum awarded to the plaintiff from $4,330.42 to $682.43, and, as thus amended, it is affirmed. Each party to bear his own costs.
AMENDED AND AFFIRMED.