424 So.2d 1088 (1982)
Robert L. JACKSON
v.
Robert SPURLOCK.
No. 82 CA 0069.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
Vanue B. Lacour, Baton Rouge, for plaintiff-appellant Robert L. Jackson.
Guy A. Modica, Baton Rouge, for defendant-appellee Robert Spurlock.
Before COVINGTON, LEAR and LANIER, JJ.
LEAR, Judge.
This appeal arises from a suit in which Robert Jackson sued Robert Spurlock for the balance due on an oral contract between them. Specifically, plaintiff sued for $1,100.00 for carpenter work performed on defendant's house, for $1,000.00 for supervision of the construction of defendant's *1089 house, and for $100.00 for the cost of filing a lien in this lawsuit. After a trial on the merits, the judge rendered his verdict for the defendant. Plaintiff concedes that he failed to prove an agreement as to the $1,000.00 for supervision of the construction and therefore appeals only that portion of the judgment denying him the $1,100.00 balance on the contract for carpenter work.
According to the record, Spurlock, who was in the process of having a house built, hired Jackson to do the trim and cabinet work on the house for $3,865.00. The work was to include the following: hang paneling in the den and kitchen, hang a stairway, install molding and baseboards, cut doors to clear carpet, install locks on doors, install shelves in all lockers and in the two and a half baths and the washroom, and build and install kitchen cabinets.
Defendant alleges that a portion of the work was never completed (baseboards, molding, and shelves in utility room omitted; boxing over bathroom cabinets omitted, and shelves and molding in bathroom omitted; bookcase in daughter's bedroom omitted; mantel for fireplace omitted; shelves over bar omitted), and that a portion of the work was improperly done (bedroom door improperly cut; front door would not close and could not be latched). Defendant has paid plaintiff $2,765.00 and refuses to pay the remainder until the work is completed.
The codal provision governing this matter is LSA-C.C. 2769:
"If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract."
Under this article, a building contractor who presents evidence that he has substantially performed under the contract in question may recover the full contract price. However, where the owner presents evidence of the cost of completion of the work or correction of defective work, the contract price may be reduced by that amount. Merrydale Glass Works, Incorporated v. Merriam, 349 So.2d 1315 (La.App. 1st Cir.1977), writ denied 350 So.2d 1211, (La.1977); Neel v. O'Quinn, 313 So.2d 286, (La.App. 3rd Cir.1975), writ denied 319 So.2d 440, (La.1975).
In instances in which a building contractor fails to prove that he has substantially performed, he may, in the alternative, prove the value of the services he has rendered and thereby recover based on quantum meruit. Neel v. O'Quinn, supra; Dickson v. Moran, 344 So.2d 102 (La.App. 2nd Cir.1977).
Therefore, the primary issue for determination in this case is whether plaintiff has proved substantial performance under the contract. The factors to be considered in determining whether there has been substantial performance were delineated in Airco Refrigeration Service, Inc. v. Fink, 242 La. 73,134 So.2d 880 (1961), and include the extent of the defect or nonperformance, the degree to which non-performance has defeated the purpose of the contract, the ease of correction, and the use or benefit to the owner of the work already performed.
Plaintiff testified that all of the trim and cabinet work to be done on defendant's house had been completed. However, at trial, defendant introduced a blueprint of the house which called for a combination desk/bookshelf unit to be located in one of the bedrooms; the plans also called for shelving in the storage room, the bathrooms, and over the wet bar. Defendant then introduced photographs which showed that the above listed work had not been done.
It is clear from the record that plaintiff has not proven substantial performance, therefore, plaintiff's recovery based on the contract is barred. In addition, because plaintiff has failed to put on any evidence as to whether the value of the services he has rendered amounts to more than the $2,765.00 which he has already been paid, there can be no recovery based on quantum meruit.
*1090 We find the judgment of the trial court denying plaintiff any relief is correct and is therefore affirmed. Costs are to be paid by plaintiff-appellant.
AFFIRMED.