KNOLL, Judge.
Alvin Richard instituted this action to recover $13,468.50 from defendant, Louis J. Bourda, alleging a breach of a building contract. Bourda filed a reconventional demand seeking $8,000 in lost profits on the contract. The trial court rendered judgment against Richard in the sum of $2,021.
From this judgment, Richard appeals suspensively, reurging his principal demand and contending that the trial court erred in allowing Louis J. Bourda to recover the full contract price in his reconven-tional demand, less damages and previous payments.
The issues to be determined are whether Bourda is entitled to recovery under the contract or is he limited to recovery under quantum meruit and whether Richard is entitled to damages for Bourda’s breach of contract.
FACTS
The parties entered into a written contract on July 27, 1979 to construct a home for plaintiff (Richard) in Yille Platte. The defendant (Bourda) agreed to furnish the labor, plumbing, and electrical work to construct the home for a price of $22,000. Richard agreed to furnish all the materials.
Bourda commenced construction of Richard’s house on July 30, 1979 and worked until September 16, 1979. What caused Bourda to discontinue work on Richard’s house is a matter obscured by assertions and denials by both parties.
After reviewing the testimony, the trial court made the following findings of fact:
1. The house was not more than fifty-five or sixty per cent completed as of September 16, 1979;
2. The house was not substantially completed;
3. Bourda left the job without just cause, and thus breached the contract;
4. Richard was obliged to expend the following sums:
a) $1,800 to remedy the defective workmanship of Bourda;
b) $750 for plumbing;
c) $429 for a roofer to correct Bour-da’s defective work;
d) $4,500 to complete Bourda’s contract;
e) $500 for electrical work.
TOTAL: — $7,979.
The parties do not dispute these findings of fact on appeal.
QUANTUM MERUIT
In determining the amount of recovery to Bourda, the trial court applied the following formula: the contract price ($22,000); less a credit for all payments previously made to Bourda ($12,000); less the amount Richard expended to complete the work contracted ($7,979); thus, leaving a sum of $2,021 due and owing Bourda.
Richard’s contention is that the trial court determined that Bourda had not substantially performed the contract, and, therefore, Bourda’s recovery is limited to quantum meruit, i.e., the value of the services he rendered. We agree with this argument.
*200 Whether there has been substantial performance is a question of fact in a building contract suit. Neel v. O’Quinn, 313 So.2d 286 (La.App. 3rd Cir.1975), writ denied 319 So.2d 440 (La.1975). In cases involving building or construction contracts, an appellate court reviewing the trial court’s determination of whether there was substantial performance, is bound by the manifest error rule. Henson v. Gonzalez, 326 So.2d 396 (La.App. 1st Cir.1976). After a careful review of the record, we find the trial court’s factual determination that Bourda did not substantially complete the Richard home is well supported.
When a building contract has not been substantially performed, the contractor may not recover under the contract, but is limited to recovery in quantum meruit. Airco Refrigeration, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961); Jackson v. Spurlock, 424 So.2d 1088 (La.App. 1st Cir.1982); Dickson v. Moran, 344 So.2d 102 (La.App. 2nd Cir.1977); Neel, supra. Therefore, in instances in which a building contractor fails to prove that he has substantially performed the contract, he may, in the alternative, prove the value of the services he has rendered and thereby recover based on the theory of quantum meruit. Jackson, supra.
It is undisputed that Richard paid $12,-000 to Bourda, the contractor. There is no evidence that the value of Bourda’s services amounted to more than the amount he had already been paid. Bourda’s answer to Richard’s petition states that when he ceased working on Richard’s home, his services amounted to $11,346. At trial, Bour-da’s own expert witness arrived at the same total. Therefore, the evidence adduced by Bourda showed that he was overpaid by Richard in the sum of $654. However, Richard does not contest this overpayment.
Bourda reconvened for lost profits only. Under the theory of quantum meruit, lost profits are not recoverable when the contractor has not substantially completed the contract. Jackson, supra; Neel, supra. In accord see Ducote v. Arnold, 416 So.2d 180 (La.App. 4th Cir.1982), writ denied 421 So.2d 238 (La.1982). Accordingly, we find the trial court erred in awarding Bourda recovery under his contract with Richard. The trial court relied on Keating v. Miller, 339 So.2d 955 (La. App. 4th Cir.1976), writ denied 341 So.2d 904 (La.1977). We do not find Keating, supra, seminal to the case sub judice. Bourda’s reconventional demand was for lost profits only and not to recover the value of work which inured to the benefit of Richard.
DAMAGES FOR BREACH
The trial court found that Richard had expended $7,979 in completing the house after Bourda’s departure. The plaintiff reurges his main demand on appeal that he is entitled to damages due to Bourda’s breach of contract. The trial court rejected this demand, although it did “set-off” Bour-da’s recovery by the amount later expended by Richard. Richard now claims that he is entitled to $7,479 as damages. (The $500 discrepancy between this figure and $7,979 is for electrical work.)
Under his contract with Bourda, Richard was required to pay $22,000 for the labor to construct his home. The amount he paid to Bourda ($12,000) added to the amount paid to complete the contract ($7,979) yields a total paid by Richard of $19,979. Since he would have been required under his contract with Bourda to have paid $22,000, he has therefore failed to prove any damages. Richard’s principal demand for damages is hereby dismissed.
DECREE
For the foregoing reasons, the judgment of the trial court which rendered judgment in favor of Bourda under his reconventional demand is reversed and set aside. It is further ordered that Richard’s claim under the principal demand is dismissed.
Costs are hereby cast equally between the defendants Alvin J. Richard and Louis J. Bourda.
REVERSED AND RENDERED.