809 So.2d 310 (2001)
Brian MAYEAUX d/b/a Mayeaux Builders
v.
Bobby McINNIS and Joe Marie McInnis.
No. 2000 CA 1540.
Court of Appeal of Louisiana, First Circuit.
September 28, 2001.
Rehearing Denied November 14, 2001.
Writ Denied March 8, 2002.
*311 Thomas B. Waterman, A. Brad Berner, Ponchatoula, for PlaintiffsAppellees Brian Mayeaux d/b/a Mayeaux Builders.
Kevin P. Landreneau, Baton Rouge, Kenneth L. Ross, Hammond, for DefendantsAppellants Bobby McInnis and Jo Marie McInnis.
Before: FOGG, GUIDRY, and *312 SHORTESS,[1] JJ.
FOGG, Judge.
In this action involving a construction contract, the homeowners appeal an adverse judgment. For the following reasons, we affirm in part and reverse in part.
On October 14, 1997, the home of Robert and Jo Marie McInnis was damaged by fire. On November 10, 1997, Brian Mayeaux d/b/a Mayeaux Builders, Inc. issued a proposal to the Mclnnises for repair of their home for the sum of $25,391.85, to be paid in three equal installments of $8,463.95 each. Although the Mclnnises did not sign the proposal, Mayeaux began work on the house shortly after submitting the proposal to the Mclnnises.
On December 3, 1997, Mayeaux submitted an invoice to the Mclnnises in which he stated, "As per our agreement, the following is a bill for the first draw of the reconstruction of the home that was damaged by fire." On January 7, 1998, Mayeaux submitted another invoice requesting the second draw. The Mclnnises paid both the first and second draws.
In the first week of February 1998, Mayeaux requested the third draw of $8,463.95 from Jo Marie McInnis. She failed to give him the third draw, and, on March 29, 1998, Mayeaux placed a lien on the Mclnnises' property in accordance with LSA-R.S. 9:4801 et seq. On August 25, 1998, Mayeaux filed suit, seeking judgment in the sum of $13,124.73, plus filing fees, attorney's fees and interest, and seeking recognition of a lien on the McInnis residence.
The Mclnnises responded with a reconventional demand, alleging that Mayeaux had received a total of $16,927.90, which exceeded the sum due him. They also asserted that Mayeaux was liable for expenses they incurred because they were unable to refinance the property due to the lien. Subsequently, the Mclnnises filed a motion for partial summary judgment, seeking cancellation of the lien, damages, and attorney's fees under LSA-R.S. 9:4832, 4833, and 4811. The trial court heard the motion on October 6, 1999. On December 3, 2000, the trial court conducted a trial on the merits.
On February 16, 2000, the trial court rendered judgment granting the McInnises' motion for summary judgment and ordering that the lien be cancelled. On February 22, 2000, the trial court rendered judgment on the merits in favor of Mayeaux and against the defendants in the sum of $5,000, plus $1,500 in attorney's fees and interest until paid in full. The Mclnnises suspensively appealed.
Initially on appeal, the appellants assert the trial court erred in failing to award attorney's fees and damages when granting the motion for partial summary judgment and canceling Mayeaux's lien on February 16, 2000. They assert Mayeaux admitted that he failed to file the contract into the mortgage records as required by LSA-R.S. 9:4811D. Therefore, he was not entitled to a lien or privilege in accordance with that law, and they are entitled to attorney's fees and damages.
Attorney's fees and damages are due under LSA-R.S. 9:4833(B) if Mayeaux's refusal to cancel its lien was unreasonable. See Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382. Although the trial judge determined that the lien was not properly perfected, this finding was made only after *313 a hearing and after Mayeaux had presented considerable although not persuasive evidence in his favor. We can understand, from the record, Mayeaux's reluctance to voluntarily erase his lien. A considerable sum of money was due Mayeaux, and the Mclnnises had suddenly and without explanation distanced themselves and the project from Mayeaux. Therefore, we conclude the trial court did not err in finding Mayeaux's actions reasonable under the circumstances or in denying the recovery of attorney's fees and damages.
On the merits, the trial judge stated in her reasons for judgment that the McInnises and Mayeaux entered into an agreement for the structural repair of property damaged by fire. She reviewed Mayeaux's claim that he was unable to complete the project due to the lack of cooperation of the McInnises and the Mclnnises' claims that the quality and performance Mayeaux's work was not satisfactory. After considering all the evidence, the trial judge found that there was a breach of the contract by the McInnises and that the work was not completed. Therefore, she reduced the damages sought by Mayeaux to $5,000.
On appeal, the McInnises assert the trial judge erred in concluding they breached the contract and Mayeaux did not breach the contract.
Under Louisiana law, a building contractor is entitled to recover the contract price even though defects and omissions are present when he has substantially performed the building contract. "Substantial performance" means that the construction is fit for the purposes intended despite the deficiencies; this is a question of fact for the trial judge. Airco Refrigeration Serv., Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961); O & M Const., Inc. v. State, Div. of Admin., 576 So.2d 1030 (La.App. 1 Cir.), writ denied, 581 So.2d 691 (La.1991).
However, where the owner presents evidence of the cost of completion of the work or correction of defective work, the contract price may be reduced by that amount. Merrydale Glass Works, Inc. v. Merriam, 349 So.2d 1315 (La.App. 1 Cir.), writ denied, 350 So.2d 1211 (La.1977). The factors to be considered in determining whether there has been substantial performance include the extent of the defect or nonperformance, the degree to which non-performance has defeated the purpose of the contract, the ease of correction, and the use or benefit to the owner of the work already performed. Jackson v. Spurlock, 424 So.2d 1088 (La.App. 1 Cir.1982).
At trial, Mayeaux testified that he had completed nearly the entire project. He asserted that the McInnises' indecision in choosing the color of the flooring and exterior vinyl precluded him from finishing the floors, installing the vinyl soffit and fascia, installing the hot water heater, blowing the insulation into the attic, finishing the bathroom, and installing the shoe molding. While waiting for a decision of the colors of the flooring and exterior vinyl, he requested the third draw, and Mrs. McInnis refused to send it. Meanwhile, he sent a worker to the residence to change a light fixture; the worker found other workmen finishing the job. He stated that he was never advised by the McInnises that they were dissatisfied with his work or that they did not intend that he complete the job. He testified that the unfinished work was worth $2,000.
Mrs. McInnis testified that, late in February, she refused to pay Mayeaux the final draw, and he never returned. She stated that she assumed he was not interested in completing the job and hired someone else to complete the job in March. *314 She testified that she was dissatisfied with significant parts of Mayeaux's work, but admitted that she never advised him of her dissatisfaction.
It is clear that after hearing both parties' evidence, the trial court chose to believe that of Mayeaux and determined that Mayeaux had substantially completed the job. Where two permissible views of the evidence exist the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, Through Dep't of Transp. and Dev., 617 So.2d 880 (La.1993). In reviewing the evidence before the trial judge, we find her conclusions were reasonable; therefore, she did not manifestly err in determining that the Mclnnises, and not Mayeaux, breached the construction contract.
The Mclnnises next assert that Mayeaux is not entitled to attorney's fees in this case. Attorney's fees are not recoverable except when authorized by contract or statute. General Motors Acceptance Corp. v. Meyers, 385 So.2d 245 (La.1980). The record is void of any evidence that the contract between these parties provided for attorney's fees in the case of a breach. Therefore, the trial court erred in awarding Mayeaux $1,500 in attorney's fees.[2]
For the foregoing reasons, the trial court's award of attorney's fees in the sum of $1,500 to Mayeaux is reversed. In all other respects, the judgment is affirmed. Costs are assessed against the appellants.
AFFIRMED IN PART AND REVERSED IN PART.
SHORTESS, J., concurs in part and dissents in part with reasons.
SHORTESS, J., dissenting in part.
I agree with that portion of the opinion that reverses the award of attorney's fees but I would go further and reverse the award of $5,000.00 in damages. The trial court was in error in granting the lump sum award to plaintiff in a breach of contract suit while admitting that all of the work plaintiff agreed to do had not been completed.
Based on the same error, i.e., failure of plaintiff to complete the work, I would also have awarded the defendants some recovery on their reconventional demand.
I respectfully dissent in part.
NOTES
[1] Retired Judge Melvin A. Shortess is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Considering the disposition of the above issues, the remaining issues raised by the appellants are pretermitted.