HANS J. LILJEBERG, Judge.
| ¡.Defendant appeals the trial court’s judgment granting relief in favor of plaintiff on the merits of its action for breach of contract, granting plaintiffs motion in li-mine and dismissing defendant’s reconven-tional demand. For the following reasons, we affirm.

Procedural History

On February 27, 2013, plaintiff, Diamond Cabinet Designs, LLC (“Diamond”), filed a Petition on Open Account and for Breach of Contract instituting an action against defendant, Arlisha Coxie (“Ms. Coxie”), alleging that Ms. Coxie owed Diamond a balance of $24,235.49 for construction work performed by Diamond on Ms. Coxie’s home.[1] On April 3, 2013, Ms, Cox-ie filed an Answer and reconvened therein alleging damages sustained as a result of Diamond’s breach of contract.
13At the conclusion of a bench trial on the merits, the trial court rendered judgment in favor of Diamond and denied Ms. Coxie’s demand in reconvention. Specifically, the trial court awarded Diamond $18,235.49 together with judicial interest and costs.[2]
*603 Ms. Coxie now appeals the trial court’s judgment.

Facts

On or about October 20, 2012, Ms. Coxie contracted with Diamond for the construction repair and renovation of her home post-Hurricane Isaac. The amount of the contract was $45,045.00.[3] Ms. Coxie tendered initial amounts of $9,860.00 and $15,249.51 to Diamond to initiate the renovations, and renovation of the home promptly began in November 2012. Approximately three months later, Ms. Coxie became dissatisfied with the work performed and terminated the services of Diamond. Thereafter, Diamond instituted suit to recoup the remainder of the amounts due on the contract.

Discussion

Substantial Performance

On appeal, Ms. Coxie asserts that the trial court erred in rendering judgment in favor of Diamond where Diamond did not prove by a preponderance of the evidence that Diamond substantially performed in accordance with the building contract.
Under Louisiana law, a building contractor is entitled to recover the contract price even though defects and omissions are present when he has substantially performed the building contract. Rice v. Mesa Gen. Contr., L.L.C., 08-115 (La.App. 5 Cir. 05/27/08), 986 So.2d 122, 129. “Substantial performance” means that the construction is fit for the purposes intended despite the deficiencies; this is a question of fact for the trial judge. Id., citing Mount Mariah Baptist Church, Inc. v. Parnell’s Associated Electric, Inc., 36,-361 (La.App. 2 Cir. 12/20/02), 835 So.2d 880. A building contractor has the burden of proving substantial compliance with the contract. Jackson v. Spurlock, 424 So.2d 1088, 1089 (La.App. 1st Cir.1982).
The factors to be considered in determining whether there has been substantial performance include the extent of the defect or non-performance, the degree to which non-performance has defeated the purpose of the contract, the ease of correction, and the use or benefit to the owner of the work already performed. Mount Ma-riah Baptist Church, Inc., supra at 888; Jackson, supra at 1089.
At trial, Emily Toups and Jimmy Toups, managing members of Diamond Cabinet Designs, LLC, as well as Ms. Coxie testified that Jimmy Toups, on behalf of Diamond, entered into a contract with Ms. Coxie in the amount of $45,045.00 on October 20, 2012, for the repair and renovation of Ms. Coxie’s home on Yorktowne Drive in Laplace, Louisiana. The contract was admitted into evidence and reflects an itemized list of repairs and agreed upon sum for those services.
Ms. Toups testified that she was personally involved in overseeing the work performed at Ms. Coxie’s residence. Ms. Toups explained that once Ms. Coxie’s initial deposit cleared, work began at the residence in early November to repair the damage caused by Hurricane Isaac. Ms. Toups further testified that by February 2013 or within 90 days, the contracted work was substantially completed at Ms. *604 Coxie’s residence, and Ms. Coxie was set to move into the residence that upcoming weekend. Ms. Toups had personal contact with Ms. Coxie throughout that time and testified that at no time did Ms. Coxie convey any concerns, questions or any dissatisfaction with the scope of work performed by Diamond. It | ¿was not until two days prior to completion of the work that Ms. Coxie alleged defects in the work performed and refused to pay the remainder of the contract. Ms. Toups testified that the contracted work was 98% complete and the residence was livable with only a few minor touch ups left to be completed.
Jimmy Toups was the primary person responsible for the actual physical labor performed at the Coxie property. Accordingly, Mr. Toups testified to the contracted work that remained unfinished. Mr. Toups stated that for the most part, a couple of pieces of laminate and cabinet fronts in the kitchen, touch-up painting and some grouting needed to be completed. Also, the appliances needed to be installed and sheetrock in the garage was not completed. Mr. Toups further testified that the unfinished work was worth approximately $1,700.00. He intended to complete the work by the weekend but did not do so because Ms. Coxie refused to pay the balance of the contract. Mr. Toups additionally corroborated Ms. Toups testimony that Ms. Coxie did not complain or express dissatisfaction' with the work performed until she refused to pay the balance of the contract.
Ms. Coxie conversely testified that she did make complaints to Mr. Toups relative to the quality of the materials as well as his workmanship. Specifically, Ms. Coxie testified that paint was all over the ceiling and beams, the vanities were cheap, and that she did not want stick-on laminate countertops. She further elaborated that the molding and doors are not painted, the closets have no inserts, the interior doors have no door knobs, the tile around the shower is not grouted and the wall in the garage was not complete. And last, she testified that her kitchen was incomplete, ie. the countertops were not finished and the drawers are missing fronts. Therefore, Ms. Coxie testified that she fired Diamond on February 7, 2013, because she was unhappy with the work and Diamond wanted the balance of | (¡the contract. Ms. Coxie did not agree with Mr. or Ms. Toups’ assessment that the contracted work was substantially completed.
It is well-settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.
Considering the record viewed in its entirety and giving due deference to the trial court’s findings of fact and credibility determinations, we cannot find that the trial court manifestly erred in finding that Diamond proved by a preponderance of the evidence that it substantially performed the contracted work. What remained to be completed by Diamond was finishing work reflecting that Diamond did indeed substantially perform the contracted work. Further, the unperformed work would not prevent Ms. Coxie from living in her home. While Ms. Coxie testified to the contrary, the trial court did not find her testimony credible. We find no basis upon which to *605 disturb the trial court’s credibility determination on appeal.
Accordingly, this claim lacks merit.

Motion in Limine

Next, Ms. Coxie asserts that the trial court erroneously granted Diamond’s motion in limine, excluding witnesses and evidence, including photographs of Ms. Coxie’s home that support her claim that Diamond did not substantially perform under the terms of the contract.
|7The record reveals that on September 10, 2013, the trial court held a status/scheduling conference wherein the trial court issued a scheduling order which set forth deadlines for discovery, exceptions, exhibits and witness lists. The order provided that complete exhibit and witness lists as well as the names and addresses of all witness be exchanged by November 15, 2013. The order further provided that all discovery be completed by December 13, 2013. The trial court set a trial date for February 12, 2014. The order was signed by counsel for both parties.
When Ms. Coxie failed to comply with the scheduling order for both discovery and the cut-off date for exhibits and witnesses, Diamond filed a motion in limine seeking to exclude any fact or expert witness testimony and/or documentary evidence by Ms. Coxie at the trial on the merits as the introduction of same would severely prejudice Diamond. Ms. Coxie did not file witness and exhibit lists until January 16, 2014, less than one month prior to trial.
On February 12, 2014, immediately prior to trial, the trial court heard argument relative to Diamond’s motion in limine based upon Ms. Coxie’s failure to timely comply with the trial court’s scheduling order. The trial court ultimately granted the motion in limine finding that Ms. Cox-ie’s untimely witness and exhibit lists, submitted three weeks prior to the trial on the merits, and her failure to respond to discovery were prejudicial to Diamond. Accordingly, only Ms. Coxie’s testimony was allowed at trial.
The trial court in its discretion may direct the attorneys for the parties to appear before it to consider, among other things, the control and scheduling of discovery and the identification of witnesses, documents and exhibits. La. C.C.P. art. 1551(A)(6) & (8). The court shall then render an order reciting the action taken at the conference, and such order controls the subsequent course of the | saction, unless modified at the trial to prevent manifest injustice. La. C.C.P. art. 1551(B). A trial court’s ruling excluding testimony or evidence that is not timely disclosed pursuant to such an order is subject to the abuse of discretion standard of review. See Stead v. Swanner, 12-727 (La.App. 5 Cir. 5/16/13), 119 So.3d 110, 119; Highlands Underwriters Insurance Company v. Foley, 96-1018 (La.App. 1 Cir. 3/27/97), 691 So.2d 1336, 1339-1340.
After reviewing the record in this matter, we find that Ms. Coxie had ample time to list her exhibits and witnesses in accordance with the trial court’s pre-trial order. Moreover, given the trial court’s great discretion in consideration of motions in li-mine and the vague and extensive exhibit and witness lists provided by Ms. Coxie to Diamond only three weeks prior to trial, we find no error in the trial court’s conclusion that the late notice would prejudice Diamond. Accordingly, we find no abuse of discretion in the trial court’s exclusion of Ms. Coxie’s witnesses and exhibits at trial.

Reconventional Demand

Finally, Ms. Coxie argues that the trial court erroneously dismissed her demand in reconvention for damages sustained as a result of Diamond’s breach of contract, *606 where Ms. Coxie was precluded from presenting witnesses and documentary evidence to support her claims. Again, we find no abuse of discretion in the trial court’s exclusion of testimony and evidence where Ms. Coxie failed to comply with the pre-trial scheduling order and untimely submitted witness and exhibit lists, thus prejudicing Diamond. Further, because this Court finds that Diamond proved by a preponderance of the evidence that it substantially performed the contract, we do not find that the trial court erroneously denied Ms. Coxie’s reconventional demand for breach of contract.

yDecree

Considering the foregoing, we affirm the trial court’s February 12, 2014 judgment.

AFFIRMED

. Diamond also named as a defendant Standard Mortgage Company ('Standard'). Diamond alleged Standard, as either a "loss payee" or a legally privileged lien holder, held certain funds in escrow for repairs and renovation of Ms. Coxie's property, which funds were due and owing Diamond for the work performed on the property. On August 2, 2013, Standard filed an Unopposed Petition for Concursus and deposited $25,151.28 into the registry of the court. Standard was thereafter dismissed with prejudice from the lawsuit.

. The trial court denied Diamond's claim for an additional $4,300.00 provided for in an addendum for additional contracted work be *603 cause the trial court did not find a meeting of the minds where Ms. Coxie did not sign the addendum. Additionally, the trial court determined that certain work was not completed and allowed Ms. Coxie a credit for same in the amount of $1,700.00. Diamond does not appeal the trial court's award.