| | | |
|---|---|---|
| KATHY CIPOLLA | * | NO. 2019-CA-0509 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| COX COMMUNICATIONS | * | |
| LOUISIANA, LLC, ABC | | FOURTH CIRCUIT |
| INSURANCE COMPANY, 1844, | * | |
| LLC AND XYZ INSURANCE | | STATE OF LOUISIANA |
| COMPANY | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2013-05043, DIVISION "J"
Honorable D. Nicole Sheppard,
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins)

*LEDET, J., CONCURRING WITH REASONS*
*ATKINS, J., CONCURS FOR THE REASONS ASSIGNED BY J. LEDET*

Michael J. Begoun
Mark R. Wolfe
Tilden Daniel Pick
Nancy Seelig Silbert
Becky S. Swantek
WOLFE, BEGOUN & PICK, L.L.C.
2200 Tulane Avenue, Suite 200
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/APPELLANT

Matthew Charles Nodier
NODIER LAW, LLC
781 B Colonial Drive
Baton Rouge, LA 70806

      COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**08/05/2020**



This appeal arises from a trip-and-fall incident that occurred in the 100 block of St. Charles Avenue, where plaintiff/appellant Kathy Cipolla ("Mrs. Cipolla" or "Plaintiff") fell into a utility vault in the sidewalk and allegedly injured her shoulder. On December 7, 2018, the trial court rendered a judgment on a unanimous jury verdict in favor of defendant/appellee Cox Communications ("Cox") and against Mrs. Cipolla. For the reasons that follow, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 28, 2013, Mrs. Cipolla filed a Petition for Damages (the "Petition") against Cox; 1844, LLC; and various insurers seeking damages for injuries she allegedly sustained on July 12, 2012, when she tripped over a utility vault cover that was not properly secured. Cox was sued as the alleged owner of the utility vault, and 1844, LLC was sued as the owner of the property located at 123 St. Charles Avenue, which was adjacent to the sidewalk and the vault. According to the Petition, when Mrs. Cipolla stepped onto the cover of the in-ground utility vault, the cover flipped open, causing Mrs. Cipolla's foot to go down into the hole, which contained debris such as Mardi Gras beads, a beer can, and a plastic fork.

1

The flipped cover allegedly caused her to fall and land awkwardly, tearing the tendons in her shoulder and re-injuring her back. Mrs. Cipolla's sister, Nancy Gennaro, who was walking near Mrs. Cipolla, took photos of the vault shortly after the accident. There were no logos or markings on vault.

A jury trial was held November 13 through 15, 2018. On December 7, 2018, the trial court signed a judgment adopting the jury's unanimous verdict that Cox was "not negligent," and dismissing Cox, with prejudice.[1]

Mrs. Cipolla appeals from that decision.

## DISCUSSION

Mrs. Cipolla has two assignments of error: (1) the trial court erred in failing to admit post-accident photographs of the new utility vault, which had been marked with a Cox logo, under La. C.E. art. 407, as evidence of subsequent remedial measures, when Plaintiff sought to introduce the photographs for the sole, limited purpose of proving that Cox owned the utility vault; and (2) the trial court erred in excluding Cox's responses to requests for admissions in which Cox admitted that it owned the utility vault.

**Standard of Review**

"A trial court is granted broad discretion in its rulings on evidentiary issues which will not be disturbed on appeal absent a clear abuse of that discretion." *Freeman v. Phillips 66 Co.*, 16-0247, p. 4 (La. App. 4 Cir. 12/21/16), 208 So.3d 437, 441.

---

[1] On June 15, 2015, the trial court signed an order dismissing defendant 1844, LLC, with prejudice.

2

**Subsequent Remedial Measures**

In the middle of the jury trial, Plaintiff's counsel proffered photographs that he had taken of the new utility vault cover which was installed after Mrs. Cipolla's alleged accident. While the old vault cover had no markings, the new replacement vault cover was inscribed "COX 20K." The photographs of the new utility vault cover were proffered for the "sole, limited purpose of establishing ownership." The trial court refused to admit the proffered photographs into evidence under La. C.E. art. 407. Plaintiff contends that the proffered photographs were admissible under an exception to the prohibition against evidence of subsequent remedial measures. Article 407 provides as follows:

> In a civil case, when, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. *This Article does not require the exclusion of evidence of subsequent remedial measures when offered for another purpose, **such as proving ownership**, authority, knowledge, control, or feasibility of precautionary measures, or for attacking credibility.*

La. C.E. art. 407 (emphasis added).

In order for the subsequent remedial measure exclusion to apply, the evidence must show that (1) after an event, (2) remedial measures were taken, and (3) the evidence must be offered to prove negligence or culpable conduct. *Thomas v. A.P. Green Indus., Inc.*, 05-1064, pp. 35-36 (La. App. 4 Cir. 5/31/06), 933 So.2d 843, 867. Plaintiff contends that the prohibition on the admissibility of subsequent remedial measures applies only if the subsequent remedial measures are sought to be introduced to prove negligence or culpable conduct. She argues that Article 407 specifically allows the introduction of evidence which may show subsequent remedial measures for other purposes, including to prove ownership.

According to Mrs. Cipolla, she did not seek to introduce the photographs of the new utility vault cover to prove Cox's negligence. Rather, she sought to introduce the photographs to prove Cox's **ownership** of the utility vault. Mrs. Cipolla asserts that she was prejudiced by the trial court's error because she and her witnesses were not allowed to testify regarding their observations of the replaced cover, and Cox did not call its representative identified on its witness list, who could have testified as to ownership of the vault.

Cox argues that the proffered photographs should not be allowed to be introduced because they were "untimely."

The deadline for filing and exchanging exhibit lists, taken from the March 18, 2018 Pretrial Order, was 30 days prior to the September 24, 2018 trial date.[2] Mrs. Cipolla submitted her exhibit list on November 14, 2018 – in the middle of trial– which was untimely. The trial court agreed, finding that Mrs. Cipolla had plenty of time to take photos of the new vault before the discovery deadlines expired, and certainly before the middle of trial.

Louisiana Code of Civil Procedure article 1551 authorizes the trial court to render pretrial orders that control the subsequent course of the trial and to enforce them. *Southern Casing of Louisiana, Inc. v. Houma Avionics, Inc*. 00-1930, p. 24 (La. App. 1 Cir. 9/28/01), 809 So.2d 1040, 1055. A trial court's ruling excluding testimony or evidence that is not timely disclosed pursuant to a pretrial order is subject to the abuse of discretion standard. *Diamond Cabinet Designs, L.L.C. v. Coxie*, 14-770, p. 8 (La. App. 5 Cir. 3/25/15), 169 So.3d 601, 605. With regard to the enforcement of pretrial orders, La. C.C.P. art. 1551(C) provides that "[i]f a

_____

[2] There were multiple pretrial orders and multiple trial dates in this matter.

party's attorney fails to obey a pretrial order . . . the court, on its own motion or on the motion of a party, after hearing, may make such orders as are just. . . ."

After reviewing the record, we cannot say that the trial court abused its discretion in excluding the new photographs of the vault. The parties dispute when the photographs were taken and whether they were served on defense counsel. Counsel for Mrs. Cipolla tried to introduce the new photographs for the first time at trial. Under these circumstances, we can find no abuse of discretion.

**Responses to Requests for Admission**

Mrs. Cipolla's second assignment of error involves her proffer of Cox's responses to requests for admissions, wherein Cox admitted to owning the utility vault. These responses had been previously filed into the record on March 5, 2014, as an exhibit to defendant 1844, LLC's motion for summary judgment (which was denied). The trial court denied Plaintiff's proffer of the responses to admissions on the grounds that the judgment on 1884, LLC's motion did not indicate whether the exhibits were admitted.

1844, LLC's motion for summary judgment was filed on March 5, 2014. Prior to 2013, La. C.C.P. art. 966 required that evidence submitted in connection with a motion for summary judgment be formally introduced into evidence and that "[o]nly evidence admitted for purposes of the motion for summary judgment shall be considered by the court in its ruling on the motion." La. C.C.P. art. 966 was amended in 2013 by Act No. 391, which added the following language:

> Evidence cited in and attached to the motion for summary judgment memorandum filed by an adverse party is **deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection** made in accordance with Subparagraph (3) of this Paragraph. Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion.

5

La. C.C.P. art. 966(F)(2) (emphasis added).

Article 966(F)(3) stated:

> Objections to evidence in support of or in opposition to a motion for summary judgment may be raised in memorandum or written motion to strike stating the specific grounds therefore.

Accordingly, La. C.C.P. art. 966 in effect at the time of the proffer hearing provided that all evidence attached to summary judgment motions would be "deemed admitted" unless a party objected in writing to any evidence attached to the motions.

In this case, because no party objected in writing to any evidence attached to the motion for summary judgment as required by La. C.C. art. 966(F)(3), the responses to request for admissions attached to 1844, LLC's motion for summary judgment are "deemed" admitted in this appeal. *See Ventura v. McCune*, 14-95, p. 6 (La. App. 5 Cir. 10/15/14), 184 So.3d 46, 49. Thus, we find that the trial court abused its discretion in excluding from evidence Cox's responses to requests for admissions confirming that Cox was the owner of the utility vault.

La. C.E. art. 103 states that error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. "The proper inquiry for determining whether a party was prejudiced by a trial court's alleged erroneous ruling is whether the alleged error, when compared to the entire record had a 'substantial effect' on the outcome of the case." *Roger v. Dufrene*, 97-1946, p. 6 (La. App. 4 Cir. 9/9/98), 718 So.2d 592, 596.

"Our finding that the trial court made a legal (evidentiary) error in excluding such evidence does not necessarily dictate that the case be remanded for a new trial. . . . Rather, we must determine whether the legal error was consequential –

6

materially affected the outcome – or was harmless." *Joseph v. Williams*, 12-0675 p. 21 (La. App. 4 Cir. 11/14/12), 105 So.3d 207, 221 (citing *Walley v. Vargas*, 12-0022, pp. 4-5 (La. App. 1 Cir. 9/21/12), 104 So.3d 93, 98-99). In *Joseph*, the court quoted *Walley's* outline of the following procedure for determining whether a legal error was consequential, warranting a *de novo* review:

> If the exclusion of evidence taints a trial court's findings, this court steps into the shows of the factfinder and conducts a *de novo* review of all the admissible evidence to ensure a fair trial and a fair judgment. Nonetheless, a *de novo* review should not be undertaken for every evidentiary exclusion error. Rather, a *de novo* review should be limited to consequential errors; that is, the error prejudiced or tainted the trial court's finding with regard to a material factual issue. In some cases, a preliminary de novo review can be limited to a determination of the impact of the excluded evidence on the overall findings. If it is clear from the initial limited de novo review that the excluded evidence could not have permissibly changed the ultimate findings of the trial of fact, the judgment should not be vacated and reviewed de novo. In the absence of a tainted fact-finding process, the trial court's ultimate findings are subject only to a manifest error review.

*Joseph*, 12-0675, p. 22, 105 So.3d at 221 (quoting *Walley*, 12-0022, p. 9, 104 So.3d at 93) (internal citations omitted).

Based on our review of the evidence in the record and our initial *de novo* review of Plaintiff's proffered record, we find the trial court's legal (evidentiary) error in excluding Cox's responses to requests for admissions, which proved that Cox owned the vault, tainted the jury's finding that Cox was not negligent, and materially affected the outcome of this case.

The record at trial shows that there was no other evidence of Cox's ownership, which is an essential element under La. C.C. art. 2317.1. At trial, Mrs. Cipolla testified that when she tripped on the cover of the vault, she did not see any markings on the cover. At his closing argument, counsel for Mrs. Cipolla referred

to the vault as "unmarked box." At closing argument, counsel for Cox told the jury that the "first thing" the Plaintiff must prove is "who owned this box":

> Now, the burden of proof here is with the Plaintiff. The Plaintiff has to prove each and every single element of their case. If they're short just one, that link, if they are short just one link right here, just one she can not [sic] prove her case.
>
> So, I want to go through some of the testimony, some of the evidence, where we can go through and see where those missing links are.
>
> First thing I'd like to talk about is liability. The first thing, the very first thing that the Plaintiff must prove is who owned this box. That is the number one thing they must prove. There was not one shred of evidence in the record, not one piece of testimony in the record to say who owned this box.
>
> In order to find the Defendant liable, there has to be something in the record that says, this Defendant, Cox Communications Louisiana, LLC owned this box. There is not. That is a missing link. That is the Plaintiff's burden to prove. If the Plaintiff can not [sic] prove that, that is the end of the inquiry at that point. It's the end of the case. That is a major, major issue with the Plaintiff's case that she put on.

"When, as here, a de novo review of the record is warranted, the appellate court's function is to make an independent, *de novo* review of the record and to determine which party is entitled to prevail by a preponderance of the evidence." *Joseph,* 12-0675, p. 23, 105 So.3d at 221-22.

In her Petition, Mrs. Cipolla alleges a violation of La. C.C.P. art. 2317.1. Under La. C.C. art. 2317.1, a duty exists on behalf of the owner of a thing to keep its property free of vices or defects. In particular, it states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. .. . .

To prove premises liability under La. C.C. art. 2317.1, an injured plaintiff must first establish the following elements: (1) the thing was in the custodian's custody or control; (2) it had a vice or defect that presented an unreasonable risk of harm; (3) the defendant knew or should have known of the unreasonable risk of harm; and (4) the damage was caused by the defect. *Szewcyk v. Party Planners West, Inc.*, 18-0898, p. 7 (La. App. 4 Cir. 5/29/19), 274 So.3d 57, 62.

Once these elements are established, the plaintiff must show: (1) the owner of a thing either knew or should have known of the ruin, vice, or defect which caused the damage; (2) the owner could have prevented the damage by the exercise of reasonable care; and (3) the owner failed to exercise such reasonable care. *Id.*, pp. 7-8, 274 So.3d at 62. "To recover, the plaintiff bears the burden of proving these elements in the affirmative, and the failure of any one is fatal to the case." *Id.*, p. 8, 274 So.3d at 62.

To prove Cox's liability under La. C.C. art. 2317.1, Mrs. Cipolla must establish by a preponderance of the evidence that Cox knew or should have known that the vault was defective. At trial, the sole witnesses testifying were Mrs. Cipolla; her husband, Tim; her sister; and her treating physicians by deposition. Mrs. Cipolla's only exhibits entered at trial were the photographs taken right after the accident, medical bills, medical records, tax returns and physician depositions. Although Cox placed a representative's name on its witness list, no Cox representative was called at trial. Thus, Mrs. Cipolla had no Cox employee to ask whether Cox knew or should have known that the vault cover was defective. There was no evidence of Cox inspections, maintenance, or repair of the vault. There was no evidence of any other prior instances in which pedestrians tripped on that vault cover or any other Cox vault.

Pursuant to La. C.C. art. 2317.1, the premises owner must have actual or constructive knowledge of the alleged defect. *Encalade v. A.H.G Solutions, LLC*, 16-0357, p. 8 (La. App. 4 Cir. 11/16/16), 204 So.3d 661, 666. "'Constructive notice can be found if the conditions which caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury.'" *Russell v. Forest Isle, Inc.*, 18-0602, p. 5 (La. App. 4 Cir. 15/5/18), 261 So.3d 47, 50 (quoting *Gardner v. Louisiana Superdome*, 13-1548, p. 7 (La. App. 4 Cir. 5/7/14), 144 So.3d 1105, 1109).

To establish the length of time the vault was broken, Mrs. Cipolla relies on the beads found in the vault, arguing that they must be Mardi Gras beads dropped there at Mardi Gras five months earlier. We consider this to be speculative, given that beads are sold year-round to tourists on Canal Street less than a block from the accident scene. Beads are also sold on Canal Street on special holidays such as St. Patrick's Day, Jazz Fest, Essence, and the French Quarter Festival.

Moreover, Mrs. Cipolla failed to establish why the vault collapsed or what defect allegedly existed. It could have been caused by improper assembly, improper maintenance, or manufacturer negligence. Mere speculation is insufficient. We also note that Mrs. Cipolla did not retain an expert to inspect the actual vault, and opine whether the vault created an unreasonable risk of harm, and was the cause of Plaintiff's injuries.

Accordingly, we cannot conclude, based on our *de novo* review of the record, that Mrs. Cipolla met her burden of proving by a preponderance of the evidence all of the elements of a claim under La. C.C. art. 2317.1.

10

## CONCLUSION

For the foregoing reasons, the judgment of the trial court and the jury verdict are affirmed.

**AFFIRMED**